MARGIE GATES *v.* A. G. DEWEY COMPANY AND EMPLOYERS' LIABILITY ASSURANCE CORPORATION.

May Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 5, 1920.

*Appeal from Commissioner of Industries—Making Transcript Part of Appeal Does Not Bring It Before Supreme Court— Finding Not Reviewable in Absence of Transcript—Finding That Employee's Widow Was Dependent Warranted.*

1. Reference in an appeal from the Commissioner of Industries to the testimony taken by the commissioner, making a transcript thereof a part of the appeal, does not bring the transcript before the Supreme Court.

2. On an appeal from an award by the Commissioner of Industries, where the transcript of the evidence is not before the Court, it cannot be said that the commissioner's finding that the accident arose out of and in the course of the deceased's employment was not warranted by the evidence.

3. The commissioner's finding that, at the time of the accident, the claimant, the employee's widow, was living apart from her husband for justifiable cause, and was a dependent within the meaning of G. L. 5778, was warranted by the evidence.

APPEAL by the defendants from an award of the Commissioner of Industries, holding that the plaintiff was entitled to compensation from the A. G. Dewey Company, as the dependent widow of William E. Gates, an employee of the A. G. Dewey Company, who died from injuries received in the course of his employment. The opinion states the case.

*Erwin M. Harvey* for the defendants.

*Roland E. Stevens* for the plaintiff.

WATSON, C. J. [1] In defendants' appeal, reference is made to the testimony taken by the commissioner, making a transcript thereof a part of the appeal. But this does not bring the transcript before us. A similar holding has been had so many times that citation of authority is unnecessary. The case is therefore before this Court solely on questions of law arising on the facts found and certified up by the commissioner.

Defendants assign two reasons why compensation should be denied: (1) The accident did not arise out of and in the course of the employment; (2) the wife, at the time of the accident, was living apart from her husband, and justifiable cause is not shown.

The record shows that William E. Gates, the deceased, was in the employ of defendant A. G. Dewey Company when he received injuries at the plant of the company on January 22, 1919, resulting in his death two days later; that he left surviving a widow, the claimant, Margie Gates, but so far as shown, he left no other dependents.

It appeared that deceased was employed in tending a flocks cutting machine which was driven by a belt from a shafting near the ceiling; that his duties did not ordinarily require him to do anything with the belt. There was evidence tending to show that he had been forbidden to meddle with the belt, but it appeared that he might at times have been required to assist the foreman in changing it. The accident occurred in the room of

his employment, in the morning soon after the hour for commencing work. It appeared that the power had been started; that the belt was dangling from the revolving shafting; and that he was caught in a loop which had formed in the belt and drawn around the shafting, receiving the injuries from which he died. He was sixty-four years old, slow and rather feeble. The superintendent of the company testified that the deceased could not have put the belt on alone; and the witness thought deceased knew he could not do so, and that he was not attempting it when injured. Hearsay evidence was introduced, apparently without objection, tending to show that deceased mounted a stepladder, reached up his hands to take hold of the belt with the evident intention of straightening out the loop which had formed, when his arm was caught in the loop and the injury resulted. The commissioner states that if this evidence be disregarded, he thinks it a fair inference from the evidence in the case that deceased was injured while attempting to do something which he conceived to be in the line of his duty and essential for him to do in the service of his employer.

The commissioner therefore found that the deceased met his death from personal injury received by accident arising out of and in the course of his employment.

[2]   Defendants say that hearsay evidence was also introduced on this question by them; that the record clearly shows that the commissioner could not find the essential fact last stated without disregarding evidence which had been admitted in the case, and that to disregard evidence, whether hearsay or otherwise, was error. But this hardly seems to be a fair construction of the record. On the contrary, the manifest meaning is, that whether that hearsay evidence be considered or not, he makes the finding immediately following. The transcript not being before us, we cannot say that the finding to which objection is made, was not warranted by the evidence, and so error does not appear.

[3]   II.  It is contended that the claimant should not be awarded compensation, other than the burial expenses, because, at the time of the accident, she was not living apart from her husband for a justifiable cause. She married the deceased in February, 1888. They lived together as husband and wife until about September 20, 1912, when the husband was committed to an insane asylum at Worcester, Massachusetts. Thenceforth the wife never lived with him, and was not actually dependent upon him,

but supported herself and in fact contributed to some extent to his maintenance during the period of his confinement. Prior to the husband's being thus confined, he had used considerable violence toward his wife, and on one or more occasions had threatened her life. For a time she visited him occasionally at the asylum; but as such visits seemed to excite him and arouse his animosity toward her, the hospital authorities advised her that it would be better to discontinue them. In the spring of 1917, he was permitted to leave the institution and go to Maine, he being given to understand that if he remained away a year without its being necessary to return him to the institution, he would be automatically discharged therefrom. That period had not expired at the time of his death, and he was never actually discharged from the institution. The last time the wife heard from him, some seven months before his death, he requested that his gun, axe, and jackknife be sent him; but upon advice of the hospital authorities she declined to send them. The findings state that this request and the advice received from the hospital, would naturally suggest to her that her husband might again become possessed of ideas of violence, and in view of the antipathy he had formerly shown toward her and of other facts in the case, the commissioner did not think it was her duty to travel a long distance and attempt to resume living with him, certainly not until he had indicated a desire to have her do so. The finding was therefore made that at the time of the accident the claimant was living apart from her husband for justifiable cause, and was a dependent within the meaning of the statute. G. L. 5778. Considering the evidence shown by the record, including inferences which may properly be drawn from other facts found, it cannot be said that these findings were not justified.

This disposes of all the questions presented for review.

*The award is affirmed with costs. Let the result be certified to the Commissioner of Industries.*