CATHERINE KELLEY *v.* HOOSAC LUMBER CO. ET AL.

*May Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 6, 1922.

*Master and Servant—Workmen's Compensation Act—Costs—Effect of Affirmance of Commissioner's Award in Supreme Court "With Costs"—Application of G. L. 5812—Legislative Intent—G. L. 5813 Limited to Proceedings Before Commissioner—Costs on Appeal—Statutory Authority—Common*

*Law—Cause of Action—Costs on Appeal Taxed to Prevailing Party.*

1.  The judgment of the Supreme Court, affirming "with costs" an award under the Workmen's Compensation Act from which defendant had appealed, is not an implied finding that the proceedings were "defended without reasonable grounds," so as to entitle plaintiff to her "whole cost" in prosecuting her claim, under the provisions of G. L. 5812.

2.  The provisions of G. L. 5812, relating to proceedings under the Workmen's Compensation Act, which entitle the prevailing party to the "whole cost" thereof when the commissioner, or a court before whom such proceedings are pending, determines that the proceedings have been brought, prosecuted, or defended without reasonable ground, apply not only to those before the commissioner, but also to proceedings before the courts to which appeal is taken.

3.  The intention of the Legislature in passing G. L. 5812, which provides for the allowance to the prevailing part of the "whole cost" of the proceedings in cases where it is determined that they had been brought, prosecuted or defended without reasonable ground, was not the taxation of costs as such, but its main purpose was to discourage unreasonable delay and unnecessary expense in that class of cases.

4.  G. L. 5813, relating to the fees of sheriffs and witnesses in proceedings under the Workmen's Compensation Act, being a part (Section 13) of No. 173, Acts of 1917, which entire act deals with proceedings before the commissioner, has no reference to costs in the county and Supreme Court, the concluding sentence of such section being limited to the scope of the act in which it appears.

5.  In proceedings under the Workmen's Compensation Act, where an appeal is taken to the county or Supreme Court under G. L. 5807 and 5808, the proceedings are no longer summary, but the action is then of the same general character, with reference to costs, as if it had been brought in the county court in the first instance and from there carried on exceptions to the Supreme Court.

6.  Costs, which were allowable in an action at law under the English statute relating to costs in force October 1, 1760, where not affected by amendments or alterations by the Legislature, are

still allowable, as well as those allowed by express statutory enactment.

7. In a proceeding under the Workmen's Compensation Act, defendant claimed that the plaintiff, who prevailed in the Supreme Court on an appeal taken thereto by the defendant from the commissioner's decision, was not entitled to his costs, for the reason that the cause was not one arising at common law, but was created by statute, *held* that the right sought to be enforced, being recovery for an injury to an employee in the course of his employment, was a common law right, and that its character was not changed because the action could be commenced in a special tribunal created by statute, and in a manner prescribed by statute, hence that costs could be assessed and taxed as in other cases on appeal.

8. On appeal to the Supreme Court from the decision of the commissioner in a proceeding under the Workmen's Compensation Act, in the absence of anything in the record to change the general rule, costs are to be taxed for the prevailing party, in accordance with Supreme Court Rule 15, § 3, adopted under the provisions of G. L. 5808.

APPEAL by plaintiff from disallowance, by the commissioner of industries, of costs taxed by the clerk of the Supreme Court on affirmance of an award by such commissioner in favor of plaintiff, and appeal by defendants from the taxation of costs as made by such clerk. The opinion states the case. *Taxation as made by clerk affirmed.*

*Holden & Healy* for the plaintiff.

In cases under the Workmen's Compensation Act, the costs in Supreme Court are properly allowable to the prevailing party. *In re Petriee*, 218 N. Y. 730, 113 N. E. 455; *Wilson* v. *Dorflinger*, 218 N. Y. 734, 113 N. E. 454; *West Jersey Trust Co.* v. *Philadelphia & R. R. Co.*, 88 N. J. Law 102, 95 Atl. 753; *Petraska* v. *National Acme Co. et al.*, 113 Atl. 536; *Packett* v. *Mooretown Creamery Co.*, 91 Vt. 97; *Gates* v. *Dewey Co.*, 100 Alt. 445.

*Harvey, Maurice & Fiits* for the defendants.

MILES, J. A question is made by the plaintiff that the defendant's appeal from the taxation of costs by the clerk of this

Court is not regularly here; but whether that is so we do not consider; for the plaintiff herself brings here the question of the taxation of costs by the clerk on her appeal from its disallowance by the commissioners of industries, and discusses it in her brief; and, because of its importance as a question liable to be raised in every case coming here from the commissioner of industries, we have entertained it without critically examining the technical question of the manner in which it is brought before us.

[1]    The main questions here raised relate to the taxation of costs in proceedings under the Employer's Liability and Workmen's Compensation Act. The case has been before this Court once before (95 Vt. 50, 113 Atl. 818), on questions not now directly raised, and the award in favor of the plaintiff was then affirmed with costs, to be certified to the commissioner of industries. The costs in this Court were taxed by the clerk and certified to the commissioner. The commissioner disallowed the entire claim of the plaintiff respecting costs, including the costs taxed by the clerk. From this action of the commissioner both parties appealed, the plaintiff claiming that she is not only entitled to the costs taxed by the clerk, but also to the "whole cost" in prosecuting her claim; while the defendant claims that she is not entitled to any costs. The ground of the plaintiff's claim to recover the "whole cost" of the proceedings, is, that the judgment of this Court for the petitioner to recover her costs, when the case was here before, is an implied finding that the proceedings were defended without reasonable ground, and that under sections 5812 and 5813 of the General Laws, she is entitled to recover her whole expense in prosecuting her claim.

With this we do not agree, for if the court had so found it would have allowed "whole cost," according to the provisions of the statute in such cases, instead of the ordinary costs allowed to the recovering party, as was done in this case. The question remaining is: Was the plaintiff entitled to recover the costs taxed by the clerk? This involves the construction of sections 5812 and 5813 of the General Laws. They are as follows: "Sec. 5812. ASSESSED AGAINST WHOM. If said commissioner, or a court before whom proceedings are pending under the provisions of this chapter, determines that such proceedings have been brought, prosecuted or defended without reasonable ground, it may assess the whole costs of the proceedings upon the party who has so brought, prosecuted or defended them."

"Sec. 5813. SHERIFF'S AND WITNESS FEES. Sheriffs and witnesses shall receive the same fees for the service of process and attendance before said commissioner as are paid sheriffs and witnesses in county court. Costs shall not be taxed or allowed either party except as provided in the preceding section."

[2, 3]  Section 5812 of the General Laws is taken from section 39 of the original Act passed in 1915 (No. 164), and clearly gives to the prevailing party the "whole cost" of the proceeding, not only before the commissioner, but also in proceedings before the courts to which appeal is taken, when the proceedings are commenced, prosecuted or defended without reasonable ground. The purpose of the Legislature in the passage of the act of which this section is a part, was to make the proceedings under it as summary and inexpensive as reasonably might be. G. L. 5760. The section bears no indication that in its passage the Legislature had in mind the taxation of costs as such. Its main purpose was to discourage unreasonable delay and unnecessary expense in the enforcement or defence of that class of claims.

[4]  Previous to the passage of section 13, No. 173 of the Acts of 1917, which is section 5813 of the General Laws, the statute contained no provision fixing sheriff's and witness' fees before the commissioner. To supply this omission, section 5813 was passed, but that it might not be understood that those fees were to be taxed, when the proceedings were brought, prosecuted or defended on reasonable grounds, the short sentence at the close of the section was passed. While the language used was not the most appropriate that could have been selected to express that idea, yet the construction we have given to that sentence is more in harmony with the evident purpose of the section than the construction claimed for it by the defendant. The whole section except the short sentence at its close relates to the fees of sheriffs and witnesses before the commissioner. The construction claimed for it by the defendant, that it relates to costs before the courts to which appeal is taken as well as to costs before the commissioner, makes it necessary to infer that the Legislature, at the close of the section and in the same paragraph, added a sentence foreign to the evident purpose of the section.

We think section 5813 of the General Laws has no reference to costs in the county and Supreme Court. The whole act from

which section 5813 of the General Laws is taken, consisting of fifteen sections, deals with proceedings before the commissioner, and the provision respecting costs may well be limited to the scope of the act in which it appears.  The rearrangement of the section in the revision is liable to cause one to lose sight of what the Legislature undertook to do; but when the act is read as a whole and apart from other provisions, except as they are referred to, the legislative intent to limit the scope of the provision to the scope of the act in which it appears, is manifest.

[5]  When an appeal is taken to the county or Supreme Court under section 5807 and 5808, the proceedings are no longer summary, and the action is then of the same general character as to costs as if it had been brought to the county court in the first instance and from there carried on exceptions to the Supreme Court.

[6]  The defendant contends that it is only by force of the statute that costs are ever taxed or allowed, and that there is no statute giving it in proceedings under the Employer's Liability and Workmen's Compensation Act, unless it is found that the proceedings were defended without reasonable ground and that the case fails to show such finding.  Such has been the generally accepted statement of the law since the decision of *Tyler* v. *Frost,* 48 Vt. 468, until the case of *Comstock* v. *Jacobs,* 89 Vt. 510, 96 Atl. 4, came before this Court, when in a full and carefully written opinion the Court clearly pointed out that the holding in that case, though technically correct, was misleading and should not be considered in its strict literal sense; that costs had been allowed right along under the English statute relating to costs, in force October 1, 1760, where not affected by amendments or alterations by our Legislature, as well as by express enactment of our statute.

[7]  The defendant further contends that though the prevailing party, on appeal from a decision of the commissioner of industries, may be entitled to costs in causes arising at common law; yet the plaintiff is not entitled to recover them in this suit; because the cause is not one arising at common law, but is a cause created by statute, and so, under the holding in the Comstock case, costs are not given under the common law nor under the statute.  But the defendant's premise is not according to the fact.  The right sought to be enforced against the defendant is for an injury to an employee received in the course of his em-

ployment. That is a right existing at common law, which the courts of this State have enforced from its earliest history. The fact that the action can be commenced in a special tribunal created by the statute and in a manner provided for by statute, does not change its character as a cause existing at common law. It goes from the commissioner on appeal to the county court, as do appeals from the justice court to that court; and either party may have a trial by jury in that court, G. L. 5807. After the case reaches the court to which it is appealed, it is proceeded with and costs are assessed and taxed as in other cases reaching that court on appeal.

[8] Nothing appearing in the record to change the well recognized general rule, that costs are to be taxed for the prevailing party, in this Court, we hold, that the costs taxed by the clerk and certified to the commissioner, were properly taxed against the defendant. This holding is in accord with the practice of this Court on former occasions. *Packett* v. *Creamery Co. et al.*, 91 Vt. 97; 99 Atl. 638, L. R. A. 1918 F, 173; *Gates* v. *Dewey Co. et al.*, 94 Vt. 320, 111 Atl. 446; *Petraska* v. *National Acme Co. et al.*, 95 Vt. 76, 113 Atl. 536. While the question of costs was not raised in those cases, its repeated allowance has some weight upon that question. The holding is also in line with rule 15, § 3 of the Supreme Court (99 Atl. ix), adopted under the provisions of the General Laws, § 5808.

It is inconceivable that the Legislature intended to confine the party seeking damages for an injury received in the course of his employment, to damages only, after a course of litigation in the court that possibly may extend through years. Such a construction of the act and the sections in question, might wholly defeat the purpose of the Legislature in its enactment, and deprive the injured party of all benefit under it.

*The award is affirmed as to the disallowance of the "whole costs," but is reversed as to the costs taxed by the clerk, and the clerk's taxation is affirmed. By agreement of parties no costs are allowed either party in this Court on this hearing. Let the result be certified to the commissioner of industries.*