WILLIS J. LAIRD *v.* STATE OF VERMONT HIGHWAY DEPT. ET AL.

November Term, 1938.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 3, 1939.

*Theriault and Hunt* for the defendants.

*George R. McKee* and *J. Boone Wilson* for the claimant.

STURTEVANT, J.   This is an appeal from an award made to the claimant, Willis J. Laird, by the commissioner of industries.

On Sunday, January 2, 1938, the claimant, aged sixty-four years, was employed by the defendant employer, State of Vermont highway department, as watchman at the state garage on the main Montpelier-Barre road. The foreman, one Tucker, talked with claimant at about 9:30 a.m., at which time claimant seemed to be in good health and Tucker noticed nothing unusual about him. At about 10:00 a.m. Tucker left the premises and returned about 12:30 p.m., entering the premises through the main gate. Tucker was driving a truck at the time he returned. As Tucker entered the premises he did not see the claimant and after putting his truck in the garage, went out to look for him. He found the claimant lying in the snow near one end of one wing of the open main gate of the premises. Claimant was in a comatose state, was paralyzed on his right side, and his condition was a result of cerebral hemorrhage. There was no evidence of any external injury. He was totally disabled from this time until the time of his death which occurred several weeks later. During the night preceding January 2, 1938, there was a snow fall of six or eight inches of heavy snow. Before leaving his home for work that morning claimant shoveled a path from his house to the road, a distance of from one hundred to two hundred feet. Claimant's duties included winding certain clocks at regular intervals, closing the main gate when he found it open and keeping the snow shoveled from in front of the three garage doors and from around the gates. No one saw claimant shovel any snow at the garage during the forenoon of January 2. No one saw claimant go to the gate and there was no evidence of what he was doing at the time he took the position in which he was found on the ground nor how he reached that position.

The claimant had some degree of arteriosclerosis in his cerebral arteries and the hemorrhage was caused by the rupture of such an artery that had become brittle due to calcification of its walls.

Among the questions certified by the commissioner for review in this Court are the following: (1) Whether the following findings of fact by the commissioner of industries are or are not legally supported by the evidence:

(a) "The claimant (referring to the place and condition in which he was found by Mr. Tucker)

was apparently in the act of closing one wing of the gate when he fell to the ground.''

(c) ''I find that the claimant's exertion in shoveling snow before and during his period of employment in the forenoon accelerated or aggravated his arteriosclerosis condition in the cerebral circulation.''

(d) ''I would infer from these facts that the claimant went to the gate to close it and that the exertion of walking to it or the strain of attempting to close it was the immediate cause of the cerebral rupture, and that the over-exertion of shoveling snow during the morning was only a contributing factor or cause. In my opinion this is a natural presumption, from all the circumstances, and an inference equivalent to legal proof of the fact.''

(g) ''I find and so hold that the accidental personal injury to the claimant arose out of and in the course of his employment.''

Several other questions are certified but the case can be disposed of by considering those above set forth. The commissioner's certificate also contains the following statement: ''I further certify that the transcript of the evidence attached hereto and made a part of this appeal is a certified verbatim transcript of the verbatim stenographic notes taken by the stenographic reporter of the evidence and proceedings before me on April 21, 1938.''

The defendants' motion for appeal requested the commissioner to make the transcript of the evidence a part of the record in this case.

█ It is contended on behalf of the claimant that the transcript is not before us for our consideration. However, the transcript of evidence is certified to this Court by the commissioner in accordance with the request of the defendants in their motion for appeal and we are asked in the questions certified to determine whether certain findings as above set forth are supported by the evidence. Under the circumstances of this case we hold that the transcript of the evidence is properly before us for our consideration. In the case of *Gates v. Dewey Co. et al.*, 94 Vt. 320, 111 Atl. 446, and other cases cited by claimant

on this question, no transcript of the evidence was certified to this Court by the commissioner of industries.

■ We next give consideration to finding (d) under No. 1 hereinbefore set out. The commissioner here states that from certain facts he infers that the claimant went to the gate to close it. From this fact which is itself inferred, he makes the further inference that the exertion of walking to it or the strain of attempting to close it was the immediate cause of the cerebral rupture. That is, the commissioner arrives at his conclusion by basing one inference upon another. This is error. *Breding* v. *Champlain Marine & Realty Company*, 106 Vt. 288, 295, 172 Atl. 625; *State v. Marini*, 106 Vt. 126, 146, 170 Atl. 110, 118; *Vermont Shade Roller Company* v. *Burlington Traction Company*, 102 Vt. 489, 499, 150 Atl. 138, and cases cited.

■ George A. McIntyre, a practicing physician in this State, was improved as a witness and stated that he visited the claimant at claimant's home in the early afternoon of January 2, 1938. His diagnosis of the case was cerebral hemorrhage. This witness testified that this cerebral hemorrhage might occur without any physical exercise on the part of the claimant. There was no medical testimony connecting claimant's injury in any way with his employment. In this case the plaintiff's injury was obscure, was something about which in respect to its cause a layman could have no well-grounded opinion and could do no more than indulge in mere speculation. Expert medical testimony could alone lay a foundation for an award of compensation in this case, and the record discloses no such testimony. *Ryder* v. *Vermont Last Block Company*, 91 Vt. 158, 167, 99 Atl. 733.

■ The transcript of the evidence is void of any circumstance or testimony that connects claimant's injury in any way with his employment and it was therefore error for the commissioner to make an award of compensation in this case.

Our disposition of the foregoing questions makes it unnecessary to give consideration to defendants' motion to dismiss.

*Judgment that the order of the commissioner of industries awarding compensation to the claimant, Willis J. Laird, for and on account of cerebral hemorrhage suffered by said Laird January 2, 1938, should be, and the same hereby is, annulled, set*

*aside and held for naught. Let the defendants recover their costs in this court. Let the result be certified to the commissioner of industries.*