JOHN CONNOR ET AL. *v.* FEDERAL DEPOSIT INSURANCE CORP.

October Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 2, 1943.

*M. G. Leary, B. J. Leddy* and *M. G. Leary, Jr.* for the plaintiffs.

*McNamara & Larrow (Francis C. Brown* and *Irving H. Jurow* of Counsel) for the defendant.

SHERBURNE, J. When this cause was here before (112 Vt 380, 26 A2d 105) the plaintiffs were held entitled to recover from

the defendant the amount of the bank deposit here in suit subject to the terms of the Federal Act, 12 U. S. C. A., section 264, and the cause was remanded for the purpose of ascertaining the amount of the deposit, at the time the defendant became liable as insurer under the Act of Congress incorporating the defendant, with directions that when this amount had been determined judgment should be entered for the same in favor of the plaintiffs, without costs below or in this Court. After remand, the county court found that since the remand the plaintiff Connor had deceased and the plaintiff Young is the surviving joint depositor; that on August 8, 1938, the defendant became liable as insurer for the payment of the deposit under the Act of Congress incorporating the defendant, and that the balance due on the deposit on that date was $3,255.63; and entered judgment for that amount in favor of plaintiff Young without costs. The cause is now here upon plaintiff Young's exceptions to the denial of interest from August 8, 1938, to the date of judgment.

The obligation of the defendant to pay an insured deposit is contained in 12 U. S. C. A., sec. 264, sub-section 1, paragraph 6, as follows:

> "Whenever an insured bank shall have been closed on account of inability to meet the demands of its depositors, payment of the insured deposits in such bank shall be made by the Corporation as soon as possible, subject to the provisions of paragraph (7) of the sub-section either (A) by making available to each depositor a transferred deposit in a new bank in the same community or in another insured bank in an amount equal to the insured deposit of such depositor and subject to withdrawal on demand, or (B) in such other manner as the board of directors may prescribe: Provided, That the Corporation, in its discretion, may require proof of claims to be filed before paying the insured deposits, and that in any case where the Corporation is not satisfied as to the validity of a claim for an insured deposit, it may require the final determination of a court of competent jurisdiction before paying such claim."

The important question in the construction of the foregoing is the determination of when the defendant becomes in default, as it is axiomatic that, in the absence of a mention of interest, the defendant cannot become liable to pay interest until in default, and the obligation to pay an insured deposit becomes past due.

As the defendant does not contest the plaintiff's right to interest on any theory of sovereign immunity, the situation is similar to that of any insurance policy which contains a provision like the terms of the statute. The quoted paragraph starts off by saying that payments of insured deposits shall be made as soon as possible after the closing of the insured bank, and then comes the proviso: "Provided, That the Corporation, in its discretion, may require proof of claims to be filed before paying the insured deposits, and that in any case where the Corporation is not satisfied as to the validity of a claim for an insured deposit, it may require the final determination of a court of competent jurisdiction before paying such claim." There can be no misunderstanding of the first part of the proviso. It is customary for insurance companies to require a proof of loss before a settlement, and if the terms of a policy require it, and it is not waived, payment does not become due until after it is filed. So here, if the Corporation requires proof of claims to be filed, it is clear that payment is not due until the proof of claim is filed.

When we examine the second part of the proviso the language in the first part, "before paying the insured deposits," is to be contrasted with the language in the second part, "before paying such claim." We think that the same sense is intended in both cases, and that if the Corporation, in good faith, is not satisfied as to the validity of a claim, it may abide the termination of litigation over it before the claim becomes due. Unless such was the intention of Congress it would have been unnecessary to have included the provision about requiring the determination of a court. Subsec. j of the Act provides that the Corporation may sue and be sued. Without the provision requiring the determination of a court, payment would be due as soon as the Corporation could reasonably make it, and, if it required proof of claims to be filed, as soon after such filing as it could reasonably make payment. If the Corporation then resisted payment because of doubt about the validity of any claim it would be subject to the same liability as

any litigant who resists payment. If defeated it would have to pay interest from the time the claim became due and costs of suit. The insertion of the right to require a court determination before payment means something, and we will not assume that Congress used unnecessary language in framing the statute. *In re Parker,* 107 Vt 463, 478, 181 A 106.

The court found that the defendant became liable as insurer for the payment of the deposit on August 8, 1938, under the Act of Congress incorporating the defendant. If this finding means that payment then became due it was a mere conclusion of law, which was erroneous as we have seen, and is to be disregarded because inconsistent with the judgment. *Dieter* v. *Scott,* 110 Vt 376, 383, 9 A2d 95; *Greenwood* v. *Lamson,* 106 Vt 37, 42, 168 A 915; *Smith* v. *Vermont Marble Co.,* 99 Vt 384, 396, 133 A 355; *Trask* v. *Karrick,* 94 Vt 70, 74, 108 A 846.

Although the result is that the plaintiff has had to wait for payment of her deposit pending this proceeding, while other depositors have long since been paid, we are unable to correct the inequality and award interest for the delay. The history of the case shows that the defendant, in good faith, was not satisfied as to the validity of the claim, and Congress has not authorized interest in such a case prior to the final determination of the validity of the claim.

*Judgment affirmed, without costs to either party, but with interest from the date of the judgment in county court, pursuant to P. L. 2075.*