MILDRED H. GREENFIELD *v.* CENTRAL VERMONT RAILWAY, INC.

February Term, 1946.

Present: MOULTON, C. J., SHERBURNE and STURTEVANT, JJ., CLEARY and HUGHES, Supr. JJ.

Opinion filed May 7, 1946.

*H. H. Powers* for the defendant.

*William R. McFeeters* for the claimant.

STURTEVANT, J. This is a case brought under the Workmen's Compensation Act. After hearing, the commissioner of industrial relations, hereinafter called the commissioner, made an award of compensation to the claimant and the defendant took the case to Franklin County Court on appeal. After trial by court the questions certified were answered in a manner supporting the award and the case is here on the defendant's exceptions. Among the questions certified to the county court by the commissioner is the following.

"Did the accident, resulting in decedent's death, arise out of and in the course of his employment with appellant?" The court an-

swered this question in the affirmative. We first consider the defendant's exception saved to the court's answer to this question. From the findings appear the following facts material to this issue.

At all times here material William Greenfield was in the employ of the defendant, Central Vermont Railway, Inc. The defendant is a common carrier doing an interstate business. Greenfield's hours of work were from 11 o'clock p.m. to 7 o'clock a.m. and he was employed as a machinist to operate a lathe in the so-called car shop located on the southerly side of Lake Street in the city of St. Albans. There were several other men in his crew doing the same type of work all of whom worked in a building on the northerly side of Lake Street. The office of the foreman of this crew and the lockers of these men were in a building on the northerly side of this street. On October 17, 1942, Greenfield reported for work at three minutes after eleven p.m. At about 11:40 that night Greenfield's foreman called at the place where he was working at his lathe in the car shop on the southerly side of Lake Street. At that time the lathe was running perfectly. In the building where Greenfield worked there was a toilet available for his use and near his lathe was a telephone available to him; also a bench where he could sit and eat his lunch. His foreman could suggest no reason why it would be necessary for Greenfield to leave the car shop on the night in question for any purpose in connection with his work before his work period was completed. At about ten minutes after twelve on the morning of October 18, 1942, Greenfield was found unconscious on Lake Street where he had been hit by an automobile driven by an unknown person. He was taken to the St. Albans hospital where he died in a short time without regaining consciousness. The claimant is Greenfield's widow. At the time of his death she was not living with him but was partly dependent upon him for her support.

Finding No. 10, which is the basis for the affirmative answer to the question we are considering and to which finding the defendant excepted, is as follows:

> "There is no direct evidence in this case which discloses why the decedent was in the public highway at the time and place where he was struck by the automobile, nor did his supervisory officer know of any reason why decedent should be there. However, from the facts that his body was found on Lake Street

crossing in that portion which was used `in going from the car shop to the machine shop, hatless and coatless, and during the hours when he was regularly employed by the company, the court draws the.inference that, at the time that he was struck by the automobile, he was engaged in an errand connected with his employment."

The claimant's right to compensation, if any, is a right given her by statute and is not derived from the decedent. To establish a right to compensation here the claimant has the burden of showing that the decedent's death was caused by a compensable injury. *Laird* v. *State Highway Dept.*, 112 Vt 67, 80, 20 A2d 255. To be compensable an injury must be the result of an accident to an employee, arising out of and in the course of his employment. P. L. 6504 as amended. The claimant here has the burden of showing a causal connection between the accident which caused decedent's death and his employment. *Laird* v. *State Highway Dept.*, 110 Vt 195, 199, 3 A2d 552; *Bundy et al* v. *State Highway Dept.*, 102 Vt 84, 88, 146 A 68. Under the circumstances of this case as shown by the findings, there is no evidence to support the inference that the decedent at the time of his injury was crossing Lake Street on some matter connected with his employment. To make such inference here is to indulge in mere speculation. Since it does not appear that the accident in question arose out of the decedent's employment, the award must be vacated. The claimant calls our attention to a single case in support of her contention, *Wolsko* v. *American Bridge Co.*, et al, a Pennsylvania case reported in 158 Pa Super 339, 44 A2d 873. However in the opinion in that case it is stated that in that state to obtain an award in a compensation case it is not necessary that the accident in question arise out of the employment. Neither is it necessary for the claimant to show a causal connection between the accident and the employment. As we have seen, such is not the law in our state and the case cited is not authority here.

The result reached makes it unnecessary to consider other exceptions saved and briefed by the defendant.

*Judgment that the order of the commissioner of industrial relations awarding compensation to the claimant, Mildred H. Greenfield, dated April 23, 1945, should be, and the same hereby is*

*annulled, set aside and held for naught. Let the defendant recover its costs in this Court. To be certified to the commissioner of industrial relations.*

## ON MOTION FOR REARGUMENT

STURTEVANT, J. After the opinion in this case had been handed down, the claimant filed a motion for reargument of the case. This motion is based upon the alleged ground that in rendering its opinion, this Court had failed to give full consideration to all of the facts as found by the court below because in the opinion finding number ten is specifically referred to and the others are not so mentioned. However, the claimant points to no evidence or finding of the court below which was not fully considered by this Court and nothing is pointed out which has not been fully considered and disposed of in the opinion as handed down. Therefore no ground for reargument appears.

*Motion for reargument denied, let full entry go down.*