## FEDERAL DEPOSIT INS. CORPORATION v. BILLINGS COUNTY, N. D.

### No. 13629.

Circuit Court of Appeals, Eighth Circuit.

June 9, 1948.

John L. Cecil, of Washington, D. C. (Herbert G. Nilles, of Fargo, N. D., Norris C. Bakke, of Denver, Colo., and Robert A. Dixon, of Chicago, Ill., on the brief), for appellant.

H. A. Mackoff, of Dickinson, N. D., and Conmy & Conmy, of Fargo, N. D., for appellee.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The Stockmen's State Bank of Medora, North Dakota, a state bank insured by the Federal Deposit Insurance Corporation (hereinafter referred to as the "Corporation") under the provisions of § 12B of the Federal Reserve Act,[1] became insolvent and closed its doors on September 24, 1938. Shortly thereafter the Corporation became the receiver of the Bank. The County of Billings had been a depositor of the bank. At the time the bank closed, the County had a general checking account with a balance of $4,306.72, as well as a draft in transit for $2,030, or a total of $6,336.72, and five certificates of deposit totaling $19,672.68. A controversy arose between the County

---

[1] Section 8 of the Act of June 16, 1933, 48 Stat. 168, as amended by § 101 of the Act of August 23, 1935, 49 Stat. 684, Title 12 U.S.C.A. § 264.

and the Corporation as to whether the total deposit liability of the bank to the County constituted a single insured deposit or two insured deposits.[2] To resolve this controversy, the County brought this action against the Corporation. The Corporation paid the County $5,000, which concededly was due it as a depositor with one insured deposit. The Corporation, however, denied that the County had two insured deposits. The case was tried to the court, which determined that the County had two such deposits, each in excess of $5,000. 71 F.Supp. 696. Judgment was entered on May 13, 1947, against the Corporation for $6,782.89, made up as follows: $5,000, the unpaid liability of the Corporation as insurer; $1,727.21, interest thereon at 4% from September 24, 1938 (the date of the closing of the bank), to May 13, 1947; and $55.68, the County's costs and disbursements. The Corporation has appealed, asserting that the court erred in including interest and costs in the judgment.

The only theory upon which the liability of the Corporation, as an insurer of deposits, for interest from the date the insured bank closed could be sustained would be that the Corporation's obligation to pay deposit insurance accrued on that date. This theory is untenable in view of the provisions of § 264(*l*) (6) of Title 12 U.S.C. A.,[3] and particularly in view of the last sentence thereof, which permits the Corporation to "require proof of claims to be filed before paying the insured deposits,"

and, "in any case where the Corporation is not satisfied as to the validity of a claim for an insured deposit," to "require the final determination of a court of competent jurisdiction before paying such claim."

This is clearly a case in which the Corporation was not satisfied as to the validity of the claim of the County that it had two insured deposits. The Corporation therefore availed itself of the statutory right to resist the County's claim that it had more than one such deposit, until "the final determination of a court of competent jurisdiction" of the validity of that claim. As we read the statute in suit, the controverted claim of the County did not accrue and become payable until the entry of judgment against the Corporation. Therefore, the Corporation was not in default prior to that time. It was liable for interest only from the date of the judgment. Our ruling in this regard is in accord with that of the Supreme Court of Vermont in Connor v. Federal Deposit Ins. Corporation, 113 Vt. 379, 34 A.2d 368, 153 A.L.R. 528. Apparently the practice of the courts, in adjudicating the validity of claims for deposit insurance, has been to allow interest only from the date of the judgment. Jones v. Federal Deposit Ins. Corporation, D.C., W.D. Okl., 24 F.Supp. 985, 987; Federal Deposit Ins. Corporation v. Barton, 10 Cir., 106 F.2d 737, 739.

Whether the Corporation, in an action such as this, may be taxed with the plaintiff's cost, is perhaps, a debatable

---

[2] Sec. 264(c) (13) of Title 12 U.S.C.A. provides:

"The term 'insured deposit' means the net amount due to any deposit or deposits in an insured bank (after deducting offsets) less any part thereof which is in excess of $5,000. Such net amount shall be determined according to such regulations as the board of directors may prescribe, and in determining the amount due to any depositor there shall be added together all deposits in the bank maintained in the same capacity and the same right for his benefit either in his own name or in the names of others, except trust funds which shall be insured as provided in paragraph (9) of subsection (h) of this section."

[3] "§ 264 (*l*) (6) Whenever an insured bank shall have been closed on account of inability to meet the demands of its depositors, payment of the insured deposits in such bank shall be made by the Corporation as soon as possible, subject to the provisions of paragraph (7) of this subsection, either (A) by making available to each depositor a transferred deposit in a new bank in the same community or in another insured bank in an amount equal to the insured deposit of such depositor and subject to withdrawal on demand, or (B) in such other manner as the board of directors may prescribe: Provided, That the Corporation, it its discretion, may require proof of claims to be filed before paying the insured deposits, and that in any case where the Corporation is not satisfied as to the validity of a claim for an insured deposit, it may require the final determination of a court of competent jurisdiction before paying such claim."

question. The Corporation has the power to sue and be sued, and no claim of sovereign immunity is involved. Costs are taxed as an ordinary incident of litigation. Reconstruction Finance Corporation v. J. G. Menihan Corp., 312 U.S. 81, 85, 86, 61 S.Ct. 485, 85 L.Ed. 595. However, we think that Congress intended that the exercise by the Corporation of its statutory right to insist upon an adjudication of its legal liability for a doubtful claim for deposit insurance should not be subject to costs or penalties. Apparently the Corporation was given a broad discretion with respect to what one asserting such a claim must do to establish its validity. There is no contention in the instant case that the Corporation, in resisting the County's claim, was acting in bad faith or was guilty of an abuse of discretion or of vexatious delay. The Corporation, in effect, was insisting that the County secure an adjudication of the validity of its claim as a condition precedent to payment.

Our conclusion is that the judgment appealed from should have been for $5,000 with interest only from the date of the judgment, and without costs to either party. The case is remanded with directions to modify the judgment accordingly.