FRANCIS NORMAN *v.* AMERICAN WOOLEN CO. ET AL.

(84 A2d 125)

May Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion filed October 2, 1951.

Opinion on Motion for Reargument filed November 14, 1951.

*McNamara & Larrow* for the defendants.

*Louis Lisman* for the claimant.

ADAMS, J. The Commissioner of Industrial Relations in the original proceedings in this cause denied compensation. An appeal was had to the Chittenden County Court where a jury found that the claimant received an injury arising out of and in the course of his employment by the American Woolen Co. on or about February 14, 1949. Judgment was entered on this verdict and the case certified back to the Commissioner. A new notice and application for hearing was then filed by the claimant. This stated that the accident resulted in;—"Injury to the eye." and that the questions at issue were;—"1, Amount of compensation to be paid for temporary total disability. 2, Amount of compensation to be paid for permanent disability to the eye. 3, Other payments to be made under the Workmen's Compensation Act." A hearing was had before the Commissioner. Findings of fact and an order and award were made which so far as material here provided for compensation for permanent total disability commencing on February 24, 1949, and that "compensation already accrued and unpaid shall be paid immediately with interest." The case comes here on exceptions of the employer and insurance carrier to the award and order and to the findings of fact upon which it is based.

 The findings of the Commissioner of Industrial Relations in cases within his jurisdiction stand like those of a referee or master in that if they are fairly and reasonably warranted by the evidence they are conclusive and binding on this court. The evidence must be taken in the light most favorable for their support, all uncertainty as to its weight being resolved against the excepting party. The award of the Commissioner is equivalent to the judgment of a trial court and doubtful findings must be construed to support it if this may reasonably be done. *Wilkins* v. *Blanchard-McDonald Lumber Co.*, 115 Vt 89, 90, 52 A2d 781, and cases cited. We have repeatedly held that an exception to a judgment raises the question whether it is supported by the findings of fact. *Colby's Executor* v. *Poor,* 115 Vt 147, 154, 55 A2d 605, and cases cited.; *Davis* v. *Chittenden County Trust Co.,* 115 Vt 349, 352, 61 A2d 553, and cases cited; *Caledonia National Bank* v. *McPherson,* 116 Vt 328, 329, 75 A2d 685. Hence, as the award of the Commissioner is equivalent to the judgment of a trial court, the exception thereto only raises the question whether the findings of fact are sufficient to support it. *Rothfarb* v. *Camp Awanee, Inc.,* 116 Vt 172, 175, 71 A2d 569.

Finding number 1 is that the claimant received an injury to his left eye on February 14, 1949 ; number 5 is that the claimant has a 20% loss of vision in his eyes, but since February 24, 1949, has been and is totally disabled to perform his work as a chain builder; number 7 is that he has been and is permanently and totally disabled from performing or securing work of the general character that he was performing when injured.

The first exception of the defendants is that "a finding of loss of vision in both eyes taken collectively is not warranted by the evidence or by the provisions of the Workmen's Compensation Act." The evidence was that the claimant had a 53% loss of vision in his left eye, 8% loss of vision in his right eye and 18 to 20% loss of vision in both eyes taken collectively. There was evidence to sustain a finding of loss of vision in both eyes taken collectively. It does not follow, however, that the finding can be sustained as against the exception that it is not warranted by the Workmen's Compensation Act.

██ It is essential under the Act that a workman receive a personal injury by accident arising out of and in the course of his employment. V. S. 47, § 8072. Here, as we have seen, there is

the record of a jury verdict that the claimant received such an injury. It did not specify to what part of his body he received the injury. After that we have a new notice and application by the claimant stating that the accident resulted in "injury to the eye" and that one of the questions at issue was "compensation to be paid for permanent disability to the eye." Moreover, finding number 1 is that an injury was received to the left eye. There is nothing in the findings showing that an injury was received to the right eye or that any loss of vision in that eye was the result of the injury to the left eye. This was essential in order to support a finding of a loss of vision in both eyes taken collectively under the Act. We cannot supply the omission of an essential fact that is not fairly and reasonably inferable from the facts found. *Petition of New England Tel. & Tel. Co.*, 115 Vt 494, 500-501, 66 A2d 135, and cases cited; *Johnson* v. *Estate of Samson*, 113 Vt 38, 42, 29 A2d 919, 144 ALR 1106. Confronted with this record made by the claimant himself of an injury to the eye, a question at issue being compensation to be paid for permanent disability to the eye and then the finding of an injury to the left eye only, we cannot presume in support of the finding of a loss of vision in both eyes taken collectively that there was also an injury to the right eye or that the loss of vision in it was the result of the injury to the left eye.

The claimant says if there was error here it was harmless and that the finding was not necessary as all that was involved was a determination of compensation for total temporary disability and that a finding of specific disability is not necessary in a matter of total temporary disability. He asks that we, therefore, disregard the finding of 20% specific disability as surplusage. Assuming that his theory as to the non-necessity of a specific disability finding in a matter of total temporary disability is correct, which we do not in any way decide, his position is not tenable here. The transcript which is controlling shows that during the hearing, after it had proceeded at first on the question of total temporary disability, the attorney for the claimant then said he would like to inquire into the matter of permanent disability and then the hearing proceeded along that line. As we have seen permanent disability was an issue in the case, having been so stated in the claimant's application for the hearing. There is the finding that the claimant has been and is totally and permanently disabled since February 24, 1949, and the order and award is for permanent total disability. What we are

asked to do is to strike out or disregard permanently and substitute therefor temporarily. This we cannot do. We are bound by the record. *Legier* v. *Deveneau*, 98 Vt 188, 192, 126 A 392. The error was harmful. The effect of an award for total permanent disability is entirely different than one for total temporary disability. The former continues during the full statutory period while with the latter the matter is open for a later showing that the total temporary disability has ended. This exception is sustained.

The second exception is that an award for total and permanent disability is not supported by a finding of 20% loss of vision in both eyes causing disability from performing or securing work of the general character being performed by the claimant when injured. This raises the question whether the finding is sufficient to support the award. *Rothfarb* v. *Camp Awanee, Inc., supra,* at page 175. As there was error in the findings upon which the award is based and the order and award must be reversed upon that ground, we give this exception no further consideration. It probably will not occur in the same form again.

The third exception is to the jurisdiction of the Commissioner of Industrial Relations to order the payment of interest upon compensation already accrued and unpaid. This question will, without doubt, occur again in this case in further proceedings before the Commissioner and may occur in other cases so we give it consideration.

▓▓▓▓ V. S. 47, § 8067, a part of the Workmen's Compensation Act, provides in effect that every contract of hiring, with certain exceptions, not material here, shall be presumed to have been made subject to the provisions of the compensation laws unless the parties or one of them otherwise indicate as provided by the law. All liability under the Act is based upon this contractual relation. There is no liability *ex delicto.* The proceeding for compensation is an action of contract within the meaning of the statute of limitations, V. S. 47, § 1689, *Fitch* v. *Parks & Woolson Machine Co.,* 109 Vt 92, 97-98, 191 A 920.

Some states allow interest on an award and reach the result by applying the general interest statutes to include compensation cases and others reach the same result by requiring a special statute applicable to compensation cases. The main difficulty lies in the construction of these statutes. In states that allow interest there is a wide divergence of opinion as to when interest begins to run

**34**

and there is also a wide divergence of opinion as to whether interest is recoverable. However, if there is a statute it must be followed. Horovitz, Workmen's Compensation Laws, Interest, Pages 353-360.

Our Workmen's Compensation Act is silent as to interest. Our general interest statute, V. S. 47, § 5438, fixing the rate of interest does not declare in what cases it shall be taken or that it shall be paid in any case. Its effect is to prohibit it from being taken above a given rate. Since, then, no one is required by either the common or statute law to pay interest, it follows that the allowance of interest by the court, as incident to the debt, must be founded upon the agreement of the parties, either express or implied. *Evarts* v. *Nason's Estate*, 11 Vt 122, 127-128.

Interest is never recoverable on the ground of delay in payment or by way of damages, in short, never in any case, except upon the presumption that the debt should have been paid sooner, unless there is an express contract to pay interest. *Brainerd* v. *Champlain Transportation Co.*, 29 Vt 154, 156. Interest is not allowable on an account as a matter of law until there has been some default in payment. *Sprague* v. *Sprague's Estate*, 30 Vt 483, 491. It is well settled in this state that if the contract is silent on the subject of interest and does not by implication exclude it on money due and payable under the contract, the law implies that interest is to be paid from the time it becomes payable and should have been paid. *Vermont & Canada R. R. Co.* v. *Vermont Central R. R. Co.*, 34 Vt 1, 65, and cases cited. No implied contract to pay interest arises except where the party has neglected to make payment after it was his duty to do so. *Evans* v. *Beckwith*, 37 Vt 285, 289. The general rule is that a claim does not bear interest unless there is a contract to pay it, until it becomes due and payable. *Sortwell* v. *Montpelier & Wells River R. R. Co.*, 56 Vt 180, 181. Generally interest *eo nomine* is applicable to a principal sum of money which is not paid when due. *Clement* v. *Spear*, 56 Vt 401, 403. The law, with us, is that, in the absence of a contract concerning it, interest does not begin to run until the defendant is shown to be in default. *Tyrrell* v. *Prudential Ins. Co.*, 109 Vt 6, 17, 192 A 184, 115 ALR 392 ; *Town of Panton* v. *Noonan, Admr.*, 112 Vt 138, 142, 22 A2d 174. It is axiomatic that, in the absence of a mention of interest, a defendant cannot become liable to pay interest until in

default. *Connor* v. *Federal Deposit Ins. Corp.*, 113 Vt 379, 381, 34 A2d 368, 153 ALR 528.

The case of *Essex Storage Electric Co., Inc.* v. *Victory Lumber Co.*, 95 Vt 117, 112 A 832, is much in point here. That case came to this Court on an appeal from an order of the Public Service Commission allowing interest on an award for damages in condemnation proceedings. The original award was dated June 21, 1918, the amount thereof to be paid July 15, 1918. The case was first here on an appeal from the original award. The award was affirmed and the cause remanded with a mandate that a new time of payment be fixed. 93 Vt 437, 449, 108 A 426. On April 29, 1920, the Commission, acting under the mandate, fixed the time of payment on or before May 15, 1920, and ordered that interest be paid from June 21, 1918. The question on the second appeal was whether the Commission could award interest from the date of the original award or from the date it was payable. This Court said that if the defendant was entitled to have interest begin to run prior to July 15, 1918, the date on which the original order required payment of the award to be made, it was by force of the statute. This statute, then G. L. 4988, now V. S. 47, § 9336, provided as now, "Upon the payment or deposit of the amount awarded by the commission, with interest, in accordance with its order, the petitioner shall be the owner of the property or right described in the findings." The holding was that this statute left it to the commission to award interest or not prior to the date fixed for payment of the award according to the equities of the case in hand; that as the original award said nothing about interest it would bear interest from the date fixed for its payment under the general rule as an overdue obligation after that date and that it was error to change the award as originally made and allow interest from June 21, 1918. This Court in its judgment order allowed interest from July 15, 1918, only, 95 Vt 120-121, 112 A 832.

This case followed the general rule set forth in our cases hereinbefore cited and is controlling here. It was decided in 1920 and the statute authorizing the Public Service Commission to allow interest on awards in condemnation proceedings according to the equities of the case in hand has remained in force since then without change, yet, during that time, a period of over thirty years, our Workmen's Compensation Act has remained silent as to interest on awards by the Commissioner of Industrial Relations.

██ It follows and we hold that an award by the Commissioner of Industrial Relations may not draw interest until there is a time fixed for its payment which necessarily must be subsequent to the date of the award and then only from the date so fixed. The payments are not overdue until that date has expired and the Commissioner has no authority to award or order interest for any period prior to that date. It was error to order that compensation already accrued and unpaid shall be paid immediately with interest. This exception is sustained.

The claimant relies upon the cases of *Bourdeaux* v. *Gilbert Motor Co.,* 220 Minn 538, 20 NW2d 393, and *Sunny Point Packing Co.* v. *Faigh,* 63 F2d 921. Both have distinguishing features from the instant case. In the Bourdeaux case payments had been made and then discontinued and also the general interest statute was different than ours. In the Sunny Point Packing Co. case the general interest statute was different than ours. There are cases from some other states of the same general tenor. We have exhaustively reviewed our own cases and in view of them and particularly our previous holding in *Essex Storage Electric Co. Inc.* v. *Victory Lumber Co., supra,* insofar as the foregoing cases relied on are in conflict with the views herein we decline to follow them. It would serve no useful purpose to review cases from other jurisdictions in general agreement with our views herein and which have reached the same result of which there are a considerable number.

*The order and award of the Commissioner of Industrial Relations is reversed and set aside. The cause is remanded for further proceedings in accordance with the views expressed in the foregoing opinion. To be certified to the Commissioner of Industrial Relations.*

### On Motion For Reargument.

 Adams, J. The claimant's motion for reargument is based upon the ground that the holding in the instant case is in conflict with the case of *Notte* v. *Rutland Railroad,* 112 Vt 498, 28 A2d 378. The purpose of a motion for reargument is to point out matters presented in the brief and relied upon in the original argument which it is thought were overlooked or misapprehended by the court in reviewing the case. *Horicon* v. *Estate of Langlois,* 115 Vt 81, 88, 52 A2d 888. New questions are not for considera-

tion. *Goodwin, Admx.* v. *Gaston,* 103 Vt 357, 367, 154 A 772. The claimant did not in his original brief cite or rely upon the Notte case, nor did he rely upon it in oral argument. However, because of the nature of his claim now in regard to it and the instant case, we consider his motion in order that we may point out the difference in the cases.

In the Notte case it appeared that the claimant suffered an injury as a result of which he lost his left eye. It also appeared that, when he suffered the injury, he was practically blind in his right eye from a cause in no way connected with his employment or the accident in question. It was held that it was proper to take into consideration the prior practically blind condition of the right eye with the loss of the left eye due to the accident in determining if the claimant was permanently and totally disabled as a result of the accident. In the instant case, as pointed out in the opinion, there was nothing in the findings that showed an injury to the right eye or that its loss of vision was the result of the injury to the left eye. There was nothing in the evidence or findings as to how or when the loss of vision in the right eye occurred. Nothing appeared as in the Notte case that the claimant had any loss of vision in one eye previous to the injury to the other. The present case was decided upon the lack of evidence and absence of a material finding. It is distinguishable from the Notte case and the holdings are not in conflict.

*Motion for reargument denied. Let full entry go down.*