# Paul Marsigli Estate and Olga Marsigli v. Granite City Auto Sales, Inc. and The Travelers Insurance Company

[ 207 A.2d 158 ]

December Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith, JJ. and Daley, Supr. J.

Opinion Filed February 2, 1965

*Monti, Paterson, Calhoun, Eldredge & Noble* for plaintiffs.

*Davis, Martin & Free* for defendants.

**Barney, J.** Interest on the workmen's compensation award in this case was, according to the defendants, assessed improperly. The award itself was approved by this Court in *Marsigli Estate* v. *Granite City Auto Sales*, 124 Vt. 95, 197 A.2d 799. Upon remand, the commissioner issued a new order dated June 29, 1964. It assessed interest on all amounts due or coming due on or after January 12, 1961, the date of the original order, until the date of actual payment. The interest was charged for the period the particular amount was due and unpaid after the making of the original 1961 order.

The defendants contend that interest on the award could not properly run until after the date of the second order in 1964, if interest could properly be assessed by the commissioner at all. The first order required compensation already accrued and unpaid as of that date to be paid at once.

The matter comes here on certification from the Commissioner of Industrial Relations, asking this Court to say whether or not the Commissioner had jurisdiction to require the payment of interest as he did, and, further whether or not the defendants are legally liable to pay the interest as set forth in the second order.

■ We construe *Norman* v. *American Woolen Co.*, 117 Vt. 28, 36, 84 A.2d 125, as confirming in the Commissioner of Industrial Relations his authority to order the payment of interest on awards for any lapse of time subsequent to the due date of the award. Although interest is to be distinguished from costs, so that statutes specifically dealing with costs do not necessarily have application to interest charges, we do find in *Kelly* v. *Hoosac Lumber Co.*, 96 Vt. 153, 159, 118 Atl. 520, a statement by Miles, J., with reference to the allowance of costs, which applies with equal force to the allowance of interest:

"It is inconceivable that the Legislature intended to confine the party seeking damages for an injury received in the course of his employment, to damages only, after a course of litigation in the court that possibly may extend through years. Such a construction of the act and the sections in question, might wholly defeat the purpose of the Legislature in its enactment, and deprive the injured party of all benefit under it."

Mr. Justice Miles also wrote the opinion in *Essex Storage Elec. Co.* v. *Victory Lumber Co.*, 95 Vt. 117, 112 Atl. 832, which was cited in *Norman* v. *American Woolen Co.*, supra, 117 Vt. 28, 35, 84 A.2d 125, as controlling. The *Essex* case settles two issues much in point in this litigation. First, at page 119, it states that where, as here, an award is not vacated on appeal, it remains effective as of the date it originally became payable. Second, on page 121, it holds that, irrespective of the power of any commissioners to assess earlier interest, whenever an award becomes an obligation due and payable, it will draw interest from that date as an overdue obligation so long as it remains unpaid. Therefore, in this case, interest could properly be assessed from the date the original award became a due and payable obligation.

The consequence of defendants' contention that interest must be postponed until all appeals are disposed of should be noted. With the use of the award money remaining in the defendants until final disposition, the prospect of recouping, through interest, all or part of the cost of the award might generate an irresistible temptation to prolong the litigation through numerous and perhaps frivolous appeals. At the same time one side was gaining an unwarranted interest advantage, the other would be losing it, contrary to the legislative purpose previously stated.

■ One point remains. The order for interest runs from the date of the original award. *Norman* v. *American Woolen Co.*, supra, 117 Vt. 28, 36, 84 A.2d 125, states that an award "may not draw interest until there is a time fixed for its payment which necessarily must be subsequent to the date of the award and then only from the date so fixed." The order here required that, "Compensation already accrued and unpaid shall be paid at once." This had the effect of making a portion of the award due and payable immediately. Does the language of the *Norman* case placing award and due date seriatim make this improper? We think not. The concern of the *Norman* case was that there be no unauthorized awards of interest prior to the due date of the obligation. The attention of the Court was directed to the proposition that interest could not be allowed between award and due date, nor prior to award.

The fact that an award might become, much as a note, a demand obligation may have escaped the notice of the Court. To be sure, even

in such a case, it may be said that the award is made in advance of the maturing of the obligation, however brief the interval. In any event, we hold that the order allowing interest in the circumstances of this case does not contravene the rule of the *Norman* case in either principle or purpose.

The plaintiffs have asked for an award of their attorneys' fees in this Court, under the authority of 21 V.S.A. §678. This would be in addition to interest and taxable costs. The authority to make such an award is discretionary, since the statutory language is "may allow . . . reasonable attorney fees. . . ." The circumstances of the litigation and the grounds of this appeal do not, in the judgment of this Court, warrant the assessment of this additional charge. The motion for attorneys' fees is denied.

*The two questions certified to this Court are answered in the affirmative. Let the result be certified. The motion for attorney fees in this Court is denied.*