MICHAEL ZIELONKA *vs.* UNITED STATES RUBBER COMPANY.

JUNE 23, 1950.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a proceeding under the workmen's

compensation act, general laws 1938, chapter 300, by an employee against his employer. A petition was filed in the superior court by petitioner asking that respondent be adjudged in contempt for its failure to make certain payments and also for other relief. From the entry of a decree denying and dismissing the petition an appeal has been duly prosecuted to this court by petitioner.

The cause was commenced by the filing of an original petition by the employee for compensation for total incapacity by reason of an alleged accident on August 3, 1945 arising out of and in the course of his employment. No agreement of any kind was ever entered into by the parties. Respondent defended against such petition by contending that the happening of August 3 did not constitute an accident within the meaning of the compensation act. The cause was duly heard in the department of labor and in the superior court and eventually reached this court on respondent's appeal from the entry of a decree in petitioner's favor. After argument this court sustained the appeal, reversed such decree, and remanded the cause to the superior court for further hearing because of uncertainties appearing in the record. *Zielonka* v. *United States Rubber Co.*, 74 R. I. 82. Thereafter the cause was further heard in that court and another decree was entered awarding petitioner relief. From that decree respondent again appealed to this court which, on April 14 and May 11, 1949, affirmed as modified the decree last referred to and denied and dismissed respondent's appeal. *Zielonka* v. *United States Rubber Co.*, 75 R. I. 249, 252.

The final decree as thus modified and affirmed contained an order in the following language: "That the respondent pay to the petitioner, commencing August 4, 1945, compensation for total incapacity in accordance with the provisions of the workmen's compensation act." The instant petition to adjudge respondent in contempt alleges that it is in default under that decree. Respondent is not disputing that $20 is the weekly amount of compensation

to which petitioner is entitled. Also no question is now before us respecting payment by respondent of medical expenses for petitioner. The primary issue therefore raised by the present petition involves a determination of the sum of money now due petitioner under the terms of the above-mentioned decree.

In this connection it may be observed that the evidence shows that petitioner before he had been awarded any relief by the court presented himself to respondent for re-employment on July 28, 1947 and was rehired. Thereafter he worked continuously with the exception of two periods, one of ten days and the other of two weeks, until March 3, 1949 when there was a general layoff of employees in respondent's plant and he was placed on a recall list. He has not worked at all since the last-mentioned date. When he was re-employed by respondent on July 28, 1947 he was given lighter work than he had performed prior to his injury of August 3, 1945 but he received an increased hourly pay, namely, 93 cents and later 98 cents per hour, whereas his pay originally was at the rate of 88 cents per hour.

It is petitioner's contention that under the above decree respondent should now pay him a total sum computed at the rate of $20 per week from August 4, 1945 to the present time and hereafter weekly at the same rate until such decree is vacated or modified. In support of his contention he relies on the principles of law as set out in the following cases: *Carpenter* v. *Globe Indemnity Co.*, 65 R. I. 194; *Gobeille* v. *Ray's Inc.*, 65 R. I. 207; *Brown & Sharpe Mfg. Co.* v. *Giacoppa*, 69 R. I. 378; *Lawrence* v. *Aetna Casualty & Surety Co.*, 70 R. I. 186. On the other hand respondent argues that it owes him only for the period between August 4, 1945 and July 28, 1947 on which date he was re-employed. Respondent gave petitioner's attorneys a check for $2063.33 to cover that period but the check, which contained a statement that it was a final

payment, was immediately returned by them to respondent's attorney.

It appears therefore that respondent admits that it owes petitioner compensation for the above period prior to his re-employment, and in our opinion under the law as laid down in the above-cited cases it also owes him under the present decree compensation at the same rate starting March 3, 1949 and continuing thereafter as long as such decree is in force. *Lawrence* v. *Aetna Casualty & Surety Co., supra.* It should be noted that in the instant proceeding respondent is merely defending against the charge of contempt but is not itself asking for any affirmative relief in order to have determined whether the petitioner is still totally or partially incapacitated. Until it takes some action to have that fact passed upon by the proper tribunal the decree herein will continue to be in effect and will be binding on the parties. It is well settled that respondent alone cannot decide that question of incapacity. *Carpenter* v. *Globe Indemnity Co., Gobeille* v. *Ray's Inc., supra.* In the circumstances we find that the trial justice was in error in denying and dismissing the petition and that he ought to have adjudged the respondent in contempt. The amount of compensation which respondent should be required to pay petitioner in order to purge itself of that contempt is the determinative issue herein.

As we view it, the principal question for consideration on that point is whether respondent should be compelled to pay petitioner compensation for the period between July 28, 1947 and March 3, 1949 when he was employed by and received wages from respondent. On that issue petitioner relies largely on *Brown & Sharpe Mfg. Co.* v. *Giacoppa, supra,* in which he claims such payments were ordered. That case, however, differs in several respects from the case at bar. There, and in the other cases cited by petitioner, the rights of the injured employee rested on *an agreement* which the parties had entered into and which had been approved by the director of labor. Such agree-

ment had the force and effect of a decree under the act. Therefore, regardless of what ultimate decision might be made on that petition to review, there was an independent, fixed and continuing obligation to pay the employee under the agreement until it was properly modified or terminated. Also in the *Brown & Sharpe Mfg. Co.* case the employer by bringing its own petition to review the existing agreement was seeking *affirmative* relief and this court held that it was not entitled to invoke and receive such relief while it was in default of the agreement, regardless of the merits otherwise of the petition when it would properly be heard.

In the instant case, however, there was in force no agreement or decree which fixed a continuing obligation on the employer to pay the employee anything; secondly, the employer was not seeking *affirmative* relief but was defending against a petition by the employee; and thirdly, the employer had not attempted upon its own judgment to cease paying any fixed obligation due under an existing independent agreement or decree.

When petitioner was re-employed by respondent on July 28, 1947 by mutual understanding, neither party had knowledge of the ultimate outcome of the then pending case which was brought to establish respondent's liability, and no order or agreement fixing an obligation to pay any compensation was outstanding. The operation of any decrees entered in the superior court in petitioner's favor had been expressly suspended by statute, G. L. 1938, chap. 300, art. III, §8. If respondent is now held to pay compensation for that period of employment when petitioner demonstrated that he was not entitled to compensation based on total incapacity, it is obvious that any negotiations between the parties regarding resumption of work would be discouraged until such litigation was terminated. The decree finally entered in the instant case, of which respondent is claimed to be in contempt, ordered respondent to pay compensation to petitioner from August 4, 1945 for

*total incapacity* in accordance with the act. Such decree is still in force and effect.

We are of the opinion, however, that in the peculiar circumstances appearing herein the respondent by way of defense against this petition for contempt was entitled to put in evidence the conduct of the parties and the facts showing that between certain dates and prior to any fixed liability on respondent to pay compensation, the petitioner had resumed work and was earning certain wages. On the undisputed evidence petitioner was not entitled to compensation based upon total incapacity for all the period after August 4, 1945. Respondent in order to be purged of contempt should not be required to pay compensation to petitioner for the time during which he was re-employed and earning wages equal to or greater than the amount he was receiving when injured, that is, between July 28, 1947 and March 3, 1949, excluding therefrom two periods, one of ten days and the other of two weeks, during which petitioner did not work or receive any wages. In our judgment the instant case is distinguishable from *Brown & Sharpe Mfg. Co.* v. *Giacoppa, supra,* and other cases cited, and the result thus reached is not inconsistent with the provisions of the decree under which respondent is alleged to be in contempt.

In addition petitioner argues that he should be allowed interest on the compensation which he is entitled to receive. The compensation act itself contains no specific provision relating either to the allowance or disallowance of interest on compensation awards. Petitioner is relying on G. L. 1938, chap. 484, §2, relating to the awarding of interest and reading in part as follows: "Verdicts, decisions, awards of referees, and reports of masters in chancery or of auditors, ascertaining amounts due from party to party by way of debt or damages, shall, in so far as confirmed by judgment or decree, draw interest on such debt or damages; if a verdict or decision, from the time the same is rendered * * *."

It is seldom that the question of interest arises in a case under the compensation act, but the above statute is of general application and we are of the opinion that it applies in any proceeding which properly comes within its terms. Upon consideration we believe that this proceeding does so in the present circumstances. We have here a decision ascertaining the amount due from party to party by way of debt, giving to that term a broad and comprehensive meaning. Such an amount due was finally confirmed by the entry of a decree pursuant to our opinion dated May 11, 1949. In such a situation, in the absence of specific order, the amount draws interest from the time the decision is rendered. We find therefore that the petitioner is entitled to interest at the legal rate from such date to the time of payment on the entire sum found to be due him.

Finally petitioner has requested that this court make him an allowance for counsel fees or remand the petition to the superior court to have such fees fixed. In *Gobeille* v. *Ray's Inc., supra*, this court held that the original award of counsel fees by the superior court in a petition for contempt in a compensation case was not excessive and did not constitute error. Here no counsel fee was allowed by the superior court. We are of the opinion that in the circumstances this court should not fix and order such a fee, and that justice does not require that we remand the case for that purpose. This petition for contempt has been vigorously contested by respondent but we find nothing improper or malicious in its conduct. The above request is denied.

The petitioner's appeal is sustained, the decree appealed from is reversed, and on July 3, 1950 the parties may present for our approval a form of decree in accordance with this opinion for entry in the superior court.

*Edward F. Dwyer, Irving I. Zimmerman*, for petitioner.

*Higgins & Silverstein, John R. Higgins, William J. Gearon*, for respondent.