## MANUEL GOMES vs. JOHN J. ORR & SON.

MARCH 16, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is an appeal by an employee from a final decree of the superior court amending an earlier decree entered after hearing on the employee's petition to review a preliminary agreement under the workmen's compensation act, general laws 1938, chapter 300. In the

earlier proceeding for review compensation for partial incapacity was awarded to the employee as set forth in a decree entered July 2, 1948.

On November 8, 1948, under G. L. 1938, chap. 535, §2, the employer filed a motion to amend that decree and as grounds therefor stated that all the paragraphs of the decree of July 2, 1948 ordering payment of compensation for partial incapacity were predicated upon the provisions of article II, §11, of the workmen's compensation act in its present form, whereby the measure of compensation is 60 per cent of the difference between the average weekly wages before the injury and the average weekly wages which the employee is thereafter able to earn, whereas such paragraphs should have ordered payment of compensation computed in accordance with the provisions of art. II, §11, as they existed *at the time of the injury* first suffered by the employee on March 11, 1942 when the rate of compensation for partial incapacity was only one half of such difference. The motion further stated that the amendment changing the basis of computation from one half to 60 per cent was enacted by public laws 1942, chap. 1246, which by its express terms became effective after the date of the employee's first injury, and that such amendment was one of substance and not of procedure.

In his brief and argument before this court petitioner makes the following contentions under his reasons of appeal. 1. The superior court erred in failing to provide for the payment of interest by the respondent upon each payment of weekly compensation awarded to petitioner from the time such payment should have been made to the time it was actually made. 2. The court erred in failing to award costs to petitioner. 3. The court erred in finding that petitioner was not entitled to compensation from and after January 14, 1946 equivalent to 60 per cent of the difference between his average weekly wages prior to his injury and his weekly earnings from and after January 14, 1946. 4. The court erred in amending the decree of July 2, 1948.

Under petitioner's first contention it is argued that interest should be awarded on each weekly payment of compensation from the time it became due to the time it was actually paid. From the standpoint of logic and equity that argument is not without considerable force. But we are confronted here with the fact that the rights and remedies of employers and employees in connection with workmen's compensation awards must be found generally in the act itself. Our compensation act contains no provision expressly authorizing the allowance of interest on any compensation award.

However, in *Zielonka* v. *United States Rubber Co.*, 77 R. I. 167, a somewhat similar contention as to interest was made by the petitioner. In that case we found no provision in the act to support an award of interest, but we could see no good reason to except such a remedial statute from the operation of G. L. 1938, chap. 484, §2, herein referred to as the general interest statute. We therefore concluded in accordance with the latter statute that, in the absence of any specific provision in the act or the decree, interest at the legal rate should be allowed on the amount of the decision as affirmed.

In our judgment the instant case comes within the principle enunciated in the *Zielonka* case, and for similar reasons we are of the opinion that petitioner is entitled to interest at the legal rate under the general interest statute, that is, on the amount of the decision appearing in the decree, from the date of the decree to the time of payment. Any further extension of the law to permit addition of interest to the extent advocated by petitioner, either from the date of the decision of the director of labor or from the date of each weekly payment found to be due, is a matter for legislative enactment and not for judicial construction of the law as it now stands.

Petitioner's second contention is that the trial justice erred in failing to award costs in his favor. In *Harding* v. *Imperial Printing & Finishing Co.*, 45 R. I. 416, a com-

pensation case, this court held that the question of awarding costs is exclusively within the jurisdiction of the superior court and will not be reviewed except where it appears that there has been an abuse of discretion. See also *Egan* v. *Walsh-Kaiser Co.*, 73 R. I. 399. In the instant case the trial justice considered the question of costs before entering the final decree and refused to allow them. In the circumstances there was no abuse of judicial discretion in such refusal and therefore petitioner's second ground of error is without merit.

His third contention is that the trial justice erred in finding that petitioner was not entitled to compensation from and after January 14, 1946 equivalent to 60 per cent of the difference between his average weekly wages before his injury and his average weekly wages from and after said date. The injury first suffered by the petitioner occurred on March 11, 1942, at which time the applicable provision of the statute provided for payment of one half of the difference referred to above. The amendment providing for 60 per cent of such difference was approved on May 9, 1942 effective October 1, 1942 and is not by its terms made retroactive.

In *Vick* v. *Aubin*, 73 R. I. 508, this court held that compensation for partial incapacity as found by the trial justice was to be computed on the average weekly wage in accordance with the statute as it existed at the time of the accident. In the instant case at the time of petitioner's injury the compensation for partial incapacity was fixed by the act in an amount equal to one half the difference between his average weekly wages before the injury and his average weekly wages thereafter. We see no error in the finding by the trial justice.

In support of his fourth contention that the superior court erred in amending the decree of July 2, 1948, petitioner urges that he should now be permitted to raise any question that was pertinent to that decree. He argues that when its entry was considered by the trial justice

he agreèd to the deletion of paragraphs 4 and 6 of a proposed decree if the employer would not appeal from the entry thereof. The deleted paragraphs provided for the payment of interest and costs. He further asserts that both the court and counsel then computed compensation payments for partial incapacity on the basis of 60 per cent of the difference between the average weekly wages before the injury and the average weekly wages which the petitioner was able to earn thereafter, and that by reason of such agreement and the entry of the decree based thereon petitioner had lost his right to, appeal from the decree of July 2, 1948 as entered. In support of these contentions he has filed herein an affidavit reciting the agreement by the employer not to take an appeal from that decree.

Since the employer did not take an appeal from the entry of the decree of July 2, 1948 it did not violate its agreement, if such was actually made, not to appeal therefrom. Furthermore, the two paragraphs deleted from the earlier decree provided for the payment of interest on each weekly payment found to be due for partial incapacity from the time it became due to the time it was actually made and for the allowance of costs in this proceeding. Since those identical questions were presented under the instant appeal and have been fully considered and determined herein, petitioner has not suffered any hardship nor has he been deprived of any substantial right. There is no merit in this contention.

The petitioner's appeal is sustained in part, and on March 28, 1951 the parties may present to this court for our approval a form of decree in accordance with this opinion for entry in the superior court.