ALICE CAMPBELL *vs.* WALSH-KAISER COMPANY, INC.

JUNE 22, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This petition in the nature of a technical contempt was brought by the widow of an employee for the purpose of ascertaining the amount of interest due on certain payments to which she claimed to be entitled under the workmen's compensation act, general laws 1938, chapter 300. The case is before us on petitioner's appeal from the award of interest as fixed in a decree of the superior court.

This case was previously considered on its merits. *Campbell* v. *Walsh-Kaiser Co.*, 77 R. I. 67. There we decided that the present petitioner was entitled to recover compensation as the widow and representative of two minor dependent children of George J. Campbell, who died December 28, 1943 from an accidental injury arising out of and in the course of his employment on April 9, 1943. A final decree ordering payment of compensation from the date of the accident and the payment of certain medical, hospital and funeral expenses as therein specified was entered January 24, 1949. Paragraph numbered 7 of that decree, which raises the question now at issue, reads: "Interest at the legal rate of six per cent (6%) on all liquidated amounts and also interest on payments in arrears from the date they become due." The parties being in disagreement as to the date or dates from which interest should be computed on the different payments mentioned in the decree, the widow of the employee brought the present petition merely for the purpose of ascertaining the meaning of said paragraph.

Petitioner contends that, if respondent had voluntarily

accepted responsibility in the first instance, interest would have commenced to run on each liquidated amount from the time it became due. In other words, she claims interest on each weekly payment of compensation from the time it was found to be due to the time it was actually paid, and also interest on the medical, hospital and funeral bills from their respective dates. On the other hand, respondent contends that since its liability was not fixed and the amounts which it was legally bound to pay were not liquidated until the entry of the decree of January 24, 1949, interest should commence to run as of that date.

The trial justice decided the issue thus raised in favor of respondent and a decree in accordance with his decision was thereafter duly entered. In so far as material that decree provides that the respondent pay to the petitioner "Interest at the legal rate of six (6%) per cent on all liquidated amounts due prior to January 24, 1949, from said date, and also interest on payments falling due since January 24, 1949, from the date on which they fell due, to the date of payment."

Our workmen's compensation act in its present form contains no specific provision relating either to the allowance or disallowance of interest on compensation awards. Until the legislature makes express provision with reference thereto we will adopt such a construction of the act as will reasonably carry out the legislature's intent as we understand it. See *Walsh-Kaiser Co.* v. *D'Ambra,* 73 R. I. 37, 42; *Wareham* v. *United States Rubber Co.,* 73 R. I. 207, 214.

The first case decided by this court which involved the question of interest in a compensation case was *Zielonka* v. *United States Rubber Co.,* 77 R. I. 167. In that opinion we stated that as to the matter of interest there was no good reason to except the compensation act from the operation of our general interest statute, G. L. 1938, chap. 484, §2, which in part provides that a decision *in so far as confirmed by a decree,* shall draw interest from the time it is rendered.

It appearing that we then had before us a decision ascertaining the amount in the nature of a debt due from employer to employee, which decision was "finally confirmed by the entry of a decree," we therefore held that petitioner was entitled to interest on the entire sum found to be due him "from the time the decision is rendered."

It appears from the arguments in the instant case that some confusion has arisen in the practice as to whether a petitioner, who was ultimately found to be entitled to compensation and other payments under the act, should be allowed interest on such amounts from their original due dates, or from the date of the entry of a final decree ordering those payments. We believe that a careful reading of the phrase "from the time the decision is rendered" in the light of its context, which plainly shows that the decision referred to was "finally confirmed by the entry of a decree," furnishes little, if any, ground for misapprehension. A compensation case follows the course of equity and it is elementary that in an equity case a decision, as such, is of no force and effect until it is incorporated in a decree. However, to avoid any future misinterpretation of the *Zielonka* case with reference to the award of interest in compensation cases, we now say that the phrase "from the time the decision is rendered" in our conclusion in that case should be understood as if it were immediately followed by the words "as finally confirmed by the entry of a decree."

A similar question as to interest was recently considered by this court in *Gomes* v. *John J. Orr & Son*, 78 R. I. 96. Adopting the reasoning of the *Zielonka* case we held that petitioner Gomes was entitled to interest at the legal rate under the general interest statute, that is, "on the amount of the decision appearing in *the decree,* from the date of the *decree* to the time of payment." (italics ours) In denying Gomes' contention that interest should be awarded him on each weekly payment of compensation from the time of decision until it was actually paid we plain-

ly stated that the award of interest on such basis was a matter for legislative enactment and not for judicial construction of the act as it now stands.

Respondent in the case at bar denied any and all liability throughout these proceedings which were begun by an original petition for compensation. In the circumstances petitioner was not entitled to receive either weekly compensation or expenses in connection with her husband's fatal injury until the findings of a decision in her favor were incorporated in and duly approved by the entry of a final decree. Because of the silence of the act in the matter of interest, and on the authority of *Zielonka* v. *United States Rubber Co., supra,* as herein explained, and *Gomes* v. *John J. Orr & Son, supra,* we are constrained to hold that petitioner is entitled to interest only as specified in the decree under consideration.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Arthur N. Votolato,* for petitioner.

*Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring, Thomas J. Hogan,* for respondent.