751 P.2d 527

**Dwight TISDEL, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**United Parcel Service, Respondent Employer,**

**Liberty Mutual Insurance Co., Respondent Carrier.**

**No. CV-87-0448-PR.**

Supreme Court of Arizona, In Banc.

March 17, 1988.

Lawrence P. Nicholls, Phoenix, for petitioner.

Dennis P. Kavanaugh, Chief Counsel, Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Larry L. Smith, Lawrence H. Lieberman, Phoenix, for respondent employer/carrier.

Dix & Waterman by Arthur V. Gage, Tucson, amicus curiae.

CAMERON, Justice.

I. JURISDICTION

This is a petition for review of a decision and opinion of the court of appeals, 155 Ariz. 438, 747 P.2d 599, setting aside an award of the Industrial Commission of Arizona (Commission). We have jurisdiction pursuant to Ariz. Const. art. 6 § 5(3) and A.R.S. § 23–948.

II. QUESTIONS

We must answer only two questions on review:

1. Is the claimant entitled to interest on benefits not timely paid to him?

2. If interest is allowable, when does it start to accrue?

## III.  FACTS

The facts necessary for a determination of this matter are not in dispute.  On 22 April 1970, Dwight Tisdel (claimant) suffered a compensable injury to his right knee while working for the respondent employer, United Parcel Service (UPS).  On 29 November 1971, claimant's doctor found that claimant's condition had become stationary with a 10 percent disability of his right lower extremity.  Based on this report, on 23 December 1971, Liberty Mutual Insurance Co. (carrier), issued a notice of claims status terminating the claimant's medical benefits as of 29 November 1971, stating that the "amount of permanent benefits, if any, will be given by subsequent notice."  In fact, no further notice of claims status was given and no permanent [scheduled] benefits were paid.  Claimant was not represented by counsel during this time, and he made no protest.

In 1984, claimant sustained a second industrial injury.  This time he obtained the services of an attorney to pursue his claim.  The attorney discovered that claimant had not been paid permanent benefits for the 1970 injury.  On 27 November 1984, claimant's attorney notified the Commission of this fact, and on 30 November 1984, the Commission's claim manager notified the carrier stating:

> In view of the above, it appears that this matter can be resolved without a hearing by your issuance of a Notice of Permanent Disability, awarding the applicant benefits for 10 percent functional loss of the right lower extremity as evidenced by the attached copy of the terminating medical report.

Some four and a half months later, the carrier responded to the Commission by letter dated 15 April 1985, stating:

> It is evident from this analysis that a Notice of Permanent Disability was not issued, nor were the permanent benefits paid.  From the documents in the Industrial Commission's file, the applicant has a scheduled rating of 10 percent impairment to the leg.  This would entitle him to 5 months of permanent compensation at a rate of $415.18 per month.

The carrier then issued a notice of permanent scheduled benefits in the amount of $2,075.90.  This was the full amount due for claimant's scheduled injury, but did not include interest.  Claimant protested the lack of interest.

On 26 November 1985, a hearing was held on the issue of claimant's entitlement to interest.  Counsel for both parties stipulated that it was an error not to have issued a notice of permanent disability in December of 1971.  The Administrative Law Judge (ALJ) held that because there was nothing in the worker's compensation statute authorizing an award of interest, the Commission was without jurisdiction to award interest.  Claimant petitioned the court of appeals for review.

The court of appeals held that the general interest statute, A.R.S. § 44–1201, was applicable and that interest was due on the amount owed.  The court of appeals stated, however, "We hold that a legal indebtedness did not arise until after 1984 when what appeared to be a mutual mistake was discovered in connection with the 1983 injury claim.  It was at this time that claimant became aware of the benefits that should have been paid to him beginning in December, 1971." *Tisdel v. Industrial Comm'n.*, 155 Ariz. 438, 440, 747 P.2d 599, 601 (App. 1987).

From the court of appeals' decision claimant petitioned this court for review.

## IV.  IS INTEREST ALLOWED?

We agree with the court of appeals that there is no reason why "the general interest statute in Arizona would not apply." *Tisdel v. Industrial Comm'n.*, 155 Ariz. 438, 440, 747 P.2d 599, 601 (App.1987).  We are not alone in this position.  Many jurisdictions allow interest to be assessed on past due compensation benefits.  3 A. LARSON, WORKMEN'S COMPENSATION LAW § 83.42(a) at 15–761 (1983).  As the Alaska Supreme Court has noted in interpreting its worker's compensation statute:

> The Act does not expressly provide for interest.  In view of its purpose, the in-

ference that such omission is equal to an exclusion cannot be made. Such a rigid view does not accord with the spirit of our workers' compensation law.

\* \* \* \* \* \*

In addition, the prevailing modern view clearly supports the assessment of interest with respect to workers' compensation awards. A substantial majority of the jurisdictions have adopted the practice. The federal courts have likewise approved the practice of awarding interest under the analogous Federal Longshoremen's and Harbor Workers' Compensation Act. Today we join those states which recognize the workers' right to interest when compensation payments are not promptly and timely made. [footnotes omitted]

*Land and Marine Rental Co. v. Rawls,* 686 P.2d 1187, 1191–92 (Alaska 1984); *See Chicago & Interurban Traction Co. v. Industrial Board,* 282 Ill. 230, 235, 118 N.E. 464, 466 (1917) (although worker's compensation statute did not expressly allow for interest, the general interest statute allowed interest on the amount due); *Youngner v. State,* 275 Minn. 340, 344, 147 N.W. 2d 354, 356 (1966) (although worker's compensation statute did not have a provision for payment of interest on compensatory benefits, the employee was entitled to interest as a matter of right under a general statute which allowed for interest on any legal indebtedness); *accord Parker v. Brinson Construction Co.,* 78 So.2d 873, 875 (Fla.1955); *Wilson v. Doehler–Jarvis Div. of Nat'l Lead Co.,* 358 Mich. 510, 516, 100 N.W.2d 226, 228 (1960).

■ We agree with the court of appeals and cases from other jurisdictions that interest is due on worker's compensation benefits not timely paid.

## V. WHEN DOES INTEREST START TO ACCRUE?

When the 23 December 1971 notice of claims status was issued, it informed claim-

ant that permanent benefits could be given by subsequent notice. At that time, claimant was entitled to such benefits pursuant to A.R.S. § 23–1044(B)(21).

The court of appeals held that the legal indebtedness arose in 1985 rather than in 1971. The court of appeals reasoned that the unprotested notice of permanent disability dated 15 April 1985 was tantamount to an award of benefits by the Commission and that the interest began accruing at that time. We disagree.

In this regard, we find A.R.S. § 23–1047 to be helpful.

A. In cases of permanent partial disability … when the physical condition of the injured employee becomes stationary, … the employer or insurance carrier within thirty days shall so notify the commission and request that the claim be examined and further compensation, if any, be determined. A copy of all medical reports necessary to make such determination also shall be furnished to the commission. *The employer or insurance carrier may commence payment of a permanent disability award without waiting for a determination under subsection B of this section.*

A.R.S. § 23–1047 (1983) (emphasis added).

■ In this case, the Commission determined that a permanent award had been due in December of 1971. This was not disputed by the carrier. Under the statute, the award would have become final 30 days after the Commission received the 23 December 1971 notice from the carrier. Under A.R.S. § 23–1047(A), the carrier could have begun payments as of 23 December 1971 when it issued its notice of claims status. Thus, we believe that the legal obligation for interest occurred on 23 December 1971 when the carrier had notice of its obligation to pay permanent benefits.[1]

Other jurisdictions are in agreement with this position. *See King v. Lord Colony Enterprises,* 400 So.2d 856, 857 (Fla.Dist.

---

1. In 1987, the Worker's Compensation Act was amended to provide penalties for unfair claims processing and bad faith. See A.R.S. § 23–930, effective 1 January 1988. The statute does not apply to this matter, but is indicative of the intent of the legislature that claims be fairly (and promptly) processed.

Ct.App.1981) (payments for permanent partial disability should have been made effective the date of maximum medical improvement and claimant was entitled to interest from the date the payments were due); *Proctor Community Hosp. v. Industrial Comm'n.*, 50 Ill.2d 7, 9–10, 276 N.E.2d 342, 343 (1971) (interest accrues from the date of the award, even though the award was overturned at an intermediate level of review and then reinstated on further review); *Wilson v. Doehler–Jarvis Div. of Nat'l. Lead Co.*, 358 Mich. 510, 519, 100 N.W.2d 226, 230 (1960) (interest should run from the date when the worker's compensation claim should have been paid); *Youngner v. State*, 275 Minn. 340, 344, 147 N.W.2d 354, 356 (1966) (interest computed from date of the filing of the claim petition); *Riverside of Marks v. Russell*, 324 So.2d 759, 764 (Miss.1976) (interest allowed on each installment of compensation from its due date); *Marsigli Estate v. Granite City Auto Sales, Inc.*, 124 Vt. 467, 469, 207 A.2d 158, 159–60 (1965) (interest could be assessed from the date the original award became a due and payable obligation).

The carrier contends, however, that interest was not due on the award because the claimant failed to pursue the matter in 1971. We disagree. Interest is not based on diligence or lack of diligence. Interest accrues and becomes payable when the debt is due. In this case the carrier has had the use of the money since December of 1971. We do not feel it unjust to require the carrier to pay interest on an award it should have paid 13½ years ago. The money rightfully belonged to the claimant. He not only lost the use of the money when the carrier failed to pay the award, but also the "time-value" of the money. As the Alaska Supreme Court further noted: "This court recognizes the economic fact that money awarded for any reason is worth less the later it is received." *Land & Marine Rental Co. v. Rawls*, 686 P.2d 1187, 1191 (Alaska 1984) (citing *Farnsworth v. Steiner*, 638 P.2d 181, 184 (Alaska 1981)); *Accord Drake v. Norge Div. Borg Warner Corp.*, 367 Mich. 464, 468, 116 N.W.2d 842, 844 (1962) ("Unless interest is charged for past due benefits awarded, the

employee inevitably will receive less than he is entitled to receive. By the same token, unless interest is charged for past due benefits awarded, the employer will have had the free use of money determined to have been due the employee.")

When the carrier fails to timely pay a claimant's compensation, we do not believe it is contrary to the spirit of the Worker's Compensation Act to require interest from the date the benefits were due.

## VI. DISPOSITION

We agree with the court of appeals' opinion that the Administrative Law Judge's award denying interest must be set aside. We disagree with the court of appeals that interest was not payable until 1985. Decision of court of appeals vacated. Award set aside.

GORDON, C.J., FELDMAN, V.C.J., and HOLOHAN and MOELLER, JJ., concur.