Justice BRUTINEL,
concurring:
¶ 15 Although I otherwise agree with the majority’s analysis, I write separately because I think interest on the death-benefits claim should accrue from the date of death rather than the date the carrier receives notice of the claim. The majority correctly cites DKI Corp./Sylvan Pools v. Industrial Commission, 173 Ariz. 535, 537, 845 P.2d 461, 463 (1993), for the proposition that interest on a workers’ compensation claim does not begin to accrue until the carrier receives notice of the claim. Id. DKI relies on an earlier case, Tisdel, for the proposition that the carrier must have notice of a claim before interest begins to accrue. See DKI, 173 Ariz. at 537, 845 P.2d at 463 (quoting Tisdel v. Indus. Comm’n, 156 Ariz. 211, 213, 751 P.2d 527, 529 (1988)).
¶ 16 But neither DKI nor Tisdel explain why interest should not begin to run until the carrier has notice of the claim. When we adopted the liquidated/unliquidated test, we stated only that “[a] claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion.” La Paz County v. Yuma County, 153 Ariz. 162, 168, 735 P.2d 772, 778 (1987) (quoting Ariz. Title Ins. and Trust Co. v. O’Malley Lumber Co., 14 Ariz.App. 486, 496, 484 P.2d 639, 649 (1971)). As the majority points out, A.R.S. § 23-1061(G) creates “the obligation to pay [death benefits],” and these benefits are immediately calculable at death. Supra, ¶ 10. Because this legal obligation to pay a liquidated sum exists prior to any action to enforce payment, interest should begin to accrue from that date, just as in any other area of the law where prejudgment interest is available. See, e.g., La Paz County, 153 Ariz. at 168, 735 P.2d at 778; Rossi v. Hammons, 34 Ariz. 95, 104, 268 P. 181, 184 (1928) (“[W]hen allowed as damages, interest runs from the date when the right to recover a sum certain is vested in the plaintiff.” (internal citation omitted)). This is consistent with the purpose of awarding interest, which “protects a claimant’s right to be made whole after an injury.” Supra, ¶ 11. To hold otherwise wrongfully deprives claimants use and enjoyment of their money without compensation, even if the time between death and notice is relatively short. See La Paz County, 153 Ariz. at 168, 735 P.2d at 778.
¶ 17 Although I think this is the better technical approach, neither party urged this position before this Court. Because we have not had the benefit of briefing and argument by counsel, and recognizing that the monetary difference would be relatively small in this case, I concur in the opinion of the Court.