*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 11-AA-1396

DISTRICT OF COLUMBIA PUBLIC SCHOOLS, PETITIONER,

V.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, RESPONDENT,

AND

GLORIA MITCHELL, INTERVENOR.

On Petition for Review of an Order of the
Compensation Review Board of the District of Columbia
Department of Employment Services
(CRB-007-11)

(Argued March 19, 2014     Decided August 27, 2015)

*Mary L. Wilson*, Senior Assistant Attorney General, with whom *Irvin B. Nathan*, Attorney General for the District of Columbia at the time the brief was filed, *Todd S. Kim*, Solicitor General, *Loren L. AliKhan*, Deputy Solicitor General, and *Donna M. Murasky*, Deputy Solicitor General, were on the brief, for petitioner.

*Ronald Wick*, with whom *Jonathan M. Grossman* and *Chad E. Kurtz*, were on the brief, for intervenor.

*Tonya A. Sapp* filed a statement in lieu of brief for respondent.

Before WASHINGTON, *Chief Judge*, BECKWITH, *Associate Judge*, and REID, *Senior Judge*.

WASHINGTON, *Chief Judge*: This appeal arises out of a workers' compensation claim filed by intervenor, Gloria Mitchell ("Ms. Mitchell"), against her former employer, District of Columbia Public Schools ("DCPS"). On April 9, 2008, while working for DCPS as a special education teacher, Ms. Mitchell slipped on baby oil that a student had spilled on the floor. Ms. Mitchell was unable to work for a period of time as a result of her injuries and received temporary total disability ("TTD") benefits, including wages and medical services, for over two years. In the summer of 2010, two independent medical evaluations determined that Ms. Mitchell had reached maximum medical improvement, could return to work, and needed no additional treatment. DCPS notified her that it would be terminating her benefits, and Ms. Mitchell appealed to the Department of Employment Services ("DOES"). After a hearing, the Administrative Law Judge ("ALJ") determined that Ms. Mitchell was still temporarily totally disabled and ordered reinstatement of her benefits "to the present and continuing, causally related medicals, and interest." DCPS appealed to the DOES Compensation Review Board ("CRB") contesting only the award of interest, and the CRB affirmed. DCPS now appeals only the interest award to this court.

The question before the court is whether, if the District terminates a claimant's disability compensation benefits and the claimant subsequently wins

reinstatement of the terminated benefits on appeal, DOES is permitted to award interest on accrued benefits that were not paid to the employee pending the appeal. In deciding this question, we must determine whether the CRB's construction of the Compensation Merit Personnel Act ("CMPA"), D.C. Code § 1-623.01 *et seq.* (2012 Repl.), is reasonable and consistent with the statute's language and purpose. We hold that the CRB's interpretation of the CMPA as authorizing interest to be paid on workers' compensation benefits is not inconsistent with the statute, or our case law, and we therefore affirm.

### I.      Facts

The undisputed facts are as follows.  On April 9, 2008, Ms. Mitchell was working as a special education teacher for DCPS when she slipped and fell on a hallway floor, sustaining injuries to her head and shoulders.  DCPS began paying Ms. Mitchell temporary total disability benefits from the date of her injury.  On July 20, 2010, the Office of Risk Management ("ORM"), which administers the District's disability benefits program for public-sector employees, 7 DCMR § 3100.1, sent Ms. Mitchell a notice indicating that the District intended to terminate her benefits on August 20, 2010.  DCPS made the decision to terminate the benefits after two independent medical evaluations concluded that Ms. Mitchell

had attained maximum medical improvement, could return to work without restriction, and did not require any further treatment. The notice also explained that she could either ask for reconsideration of that decision or appeal to DOES. Ms. Mitchell chose to appeal to DOES, which ultimately credited her treating physician's opinion that she remained temporarily totally disabled as a consequence of the injuries to her head, and thus ordered reinstatement of her benefits. In so doing, the ALJ awarded Ms. Mitchell TTD benefits "to the present and continuing, causally related medicals, and interest."[1] DCPS appealed only the portion of the award ordering it to pay interest, and the CRB affirmed. The District now seeks this court's review of the CRB's decision affirming the interest award.[2]

## II. Standard of Review

On appeal, this court's review of an administrative agency decision is "limited," and the court "must affirm an agency decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Asylum Co. & Ins. Designers v. District of Columbia Dep't of Emp't Servs.*, 10

---

[1] The ALJ's ruling provided that Ms. Mitchell was entitled to payment of benefits from August 20, 2010, the date that ORM terminated her benefits.

[2] The District does not challenge the CRB's conclusion that Ms. Mitchell

(continued . . .)

A.3d 619, 624 (D.C. 2010); *see also Muhammad v. District of Columbia Dep't of Emp't Servs.*, 34 A.3d 488, 491 (D.C. 2012). We review questions of law *de novo*, and the judiciary is the final authority on issues of statutory construction. *Washington Metro. Area Transit Auth. v. District of Columbia Dep't of Emp't Servs.*, 683 A.2d 470, 472 (D.C. 1996). However, "we defer to an agency's interpretation of the statute and regulations it is charged by the legislature to administer, unless its interpretation is unreasonable or is inconsistent with the statutory language or purpose." *District of Columbia Office of Human Rights v. District of Columbia Dep't of Corr.*, 40 A.3d 917, 923 (D.C. 2012) (citations omitted) [hereinafter "*OHR v. DOC*"]. We will defer to an agency's interpretation "so long as it is not plainly wrong or inconsistent with the legislature's intent." *Howard Univ. Hosp. v. District of Columbia Dep't of Emp't Servs.*, 952 A.2d 168, 173 (D.C. 2008) (citation omitted). Further, this court "must sustain the agency's interpretation even if a petitioner advances another reasonable interpretation of the statute or if we might have been persuaded by the alternate interpretation had we been construing the statute in the first instance." *Id.*

Here, the CRB's determination that the CMPA authorizes an ALJ to award

---

(. . . continued)
was still disabled and entitled to TTD benefits.

interest to a successful claimant is a question of law which we review *de novo*. However, because DOES is an administrative agency that we have recognized as having "expertise . . . and responsibility for administering" the CMPA, we will affirm its interpretation unless it is unreasonable or inconsistent with the statutory language or purpose. *Asylum Co.*, 10 A.3d at 625 (citation omitted).

### III.   Analysis

The CMPA, D.C. Code § 1-623.01 *et seq.*, establishes a compensation program for employees in the District of Columbia who are disabled as a result of injuries suffered in the performance of their work duties. The District provides compensation for an individual who is temporarily totally disabled as a result of an on-the-job injury in the amount of 66 2/3% of her pay for the period that she is disabled,[3] and additionally provides the services of a physician to treat the injury.[4] The CMPA is silent as to the District's obligation to pay interest on an award of workers' compensation.

---

[3] D.C. Code § 1-623.05.

[4] D.C. Code § 1-623.03.

In this case, after finding that Ms. Mitchell continued to be temporarily totally disabled from the period of August 20, 2010, to the present, the ALJ awarded her TTD benefits, including medical expenses plus interest on the award, and the CRB affirmed. In its 2-1 decision, the CRB correctly recognized that it had never before addressed whether an employer can be ordered to pay interest on a workers' compensation award pursuant to the CMPA. However, the CRB identified a series of prior cases in which the court upheld the agency's authority to award interest on accrued workers' compensation disability benefits pursuant to the private workers' compensation statute,[5] even though that statute, like the CMPA, is silent concerning interest awards. Thus, the CRB reasoned that because the parallel public and private workers' compensation statutes are substantially similar and serve the same purpose, and because it could "discern nothing within the public-sector Act that dictate[d] following any other course than that endorsed under the private-sector statute," the authority to assess interest on accrued benefits under the public-sector statute was similarly permissible.

Appellant's primary argument is that the District of Columbia enjoys sovereign immunity from an award of interest unless it has waived immunity by

---

[5] District of Columbia Workers' Compensation Act of 1979, D.C. Code § 32-1051 *et seq.* (2012 Repl.) [hereinafter "WCA"].

explicitly authorizing payment of interest. Appellant contends that because the CMPA's provisions are silent concerning interest, interest awards are not authorized and are prohibited by the District's sovereign immunity, citing *Library of Congress v. Shaw*, 478 U.S. 310 (1986), and *District of Columbia v. Brown*, 739 A.2d 832 (D.C. 1999). *Shaw* acknowledged the "no-interest" rule, holding that the United States is immune from an interest award in the absence of an express statutory waiver of immunity by Congress. *See* 478 U.S. at 314-15. In *Brown*, the court denied interest on a back pay award under the pre-1987 Federal Back Pay Act, a statute which contained no authority for an award of interest. 739 A.2d at 837-40. However, the cases upon which appellant relies make it clear that in order for the *federal government* to waive its liability for interest there must be an explicit waiver with respect to the government's immunity from interest payments in the statute. The Supreme Court subsequently indicated that its ruling requiring an explicit statutory waiver before the government can be ordered to pay interest on an award applies only when a successful plaintiff or claimant challenges the *federal government's* immunity from interest payments, and that the ruling does not apply to states: "That rule, which is applicable to the immunity of the United States . . . , provides an 'added gloss of strictness,' only where the United States' liability for interest is at issue." *Missouri v. Jenkins*, 491 U.S. 274, 281 n.3 (1989) (quoting *Shaw*, 478 U.S. at 318); *see also McDonough v. City of Quincy*, 353 F.

Supp. 2d 179, 191 n.9 (D. Mass 2005) (observing that the Court in *Jenkins* declined to extend the "no-interest" rule to state immunity); *Bailey v. District of Columbia*, 839 F. Supp. 888, 893 (D.D.C. 1993) ("Unlike the federal government, the District of Columbia does not enjoy sovereign immunity from interest awards."); *Jones v. Washington Metro. Area Transit Auth.*, 205 F.3d 428 (D.C. Cir. 2000) (citing *Jenkins* and upholding an interest award on back pay after concluding that "the no interest rule does not apply to state liability"). By enacting the CMPA, the District of Columbia waived its immunity by consenting to suit by employees seeking to recover workers' compensation awards. Thus, because the District has opened itself up to liability for employee injury and disability claims, and because the federal "no-interest" rule is not at play, we are not persuaded that the District is shielded from paying interest under the doctrine of sovereign immunity and that an explicit waiver of immunity from paying interest is required to authorize an interest award under the CMPA.

Appellee asserts that an agency in the District of Columbia is authorized to award interest even lacking an express statutory provision permitting such an award, citing, *inter alia*, *OHR v. DOC*, 40 A.3d at 923. In that case, a former employee sued the D.C. Department of Corrections for violations of the District of Columbia Human Rights Act ("DCHRA"), but the D.C. Office of Human Rights

concluded that it lacked authority to award interest on the award because the controlling statute was silent concerning interest. The Superior Court reversed, and this court agreed, rejecting the proposition that if a statute does not explicitly award interest, such an award is prohibited. *See id.* at 928; *see also Riggs Nat'l Bank v. District of Columbia*, 581 A.2d 1229, 1253 (D.C. 1990) ("A statutory obligation may bear interest even though the statute makes no provision therefor."); *Burke v. Groover, Christie & Merritt*, 26 A.3d 292, 306 (D.C. 2011) ("Significantly, the obligation to pay pre-judgment interest arises under the common law and may be payable even in the absence of a statutory authorization to that effect."). The court in *OHR v. DOC* reasoned that interest is "part and parcel" of an award and that its purpose is to "preserve the value of the damages awarded." *Id.* The same reasoning has been applied in the CRB's workers' compensation rulings. In upholding the interest award in the present case, the CRB cited a series of cases[6] in which the agency authorized payment of accrued benefits

---

[6] *See Edward Hill, Jr. v. Greyhound Line, Inc.*, Dir. Dkt. No. 96-39, H&AS No. 87-759(B), OWC No. 0115712 (January 31, 1997); *Woodward v. Central Investig. Bureau*, Dir. Dkt. No. 91-104 (January 28, 1992); *Goyins v. Max Factor, Inc.*, H&AS No. 83-234 (Decision of the Director, June 6, 1986). The CRB also cited to *Bolden v. Embassy Dairy*, H&AS No. 83-192, OWC No. 001777 (February 15, 1984), which was a decision by a Hearing Examiner on which *Hill* and *Woodward* both relied. Due to the age of these cases, the adjudicative bodies involved are the Hearing Examiner (initial) and the Director of DOES (appeal level) rather than DOES and the CRB.

under the District of Columbia Workers' Compensation Act of 1979 ("WCA"), the "private" workers' compensation statute. Noting that the disability benefit award provisions of the statutes parallel one another,[7] the Board held that there was not a discernible reason that an ALJ applying the CMPA should not similarly be authorized to award interest on accrued benefits under the CMPA. The District argues that the private-sector cases are not instructive because they do not implicate sovereign immunity, but in light of our conclusion that sovereign immunity does not bar interest payments under the CMPA, we disagree. As a matter of statutory construction, the CRB's conclusion that the public and private statutes should be similarly construed as permitting interest on accrued benefits, notwithstanding the lack of explicit authority to do so, is not unreasonable or inconsistent with the purpose of the CMPA.[8] *See Luck v. District of Columbia*,

---

[7] Both the "public" and "private" statutes provide compensation in the amount of 66 2/3% of an employee's average pay during the period of total disability. *Compare* Comprehensive Merit Personnel Act, D.C. Code § 1-623.05, *with* District of Columbia Workers' Compensation Act of 1979, D.C. Code § 32-1508 (2). Neither statute explicitly provides for interest awards on accrued benefits.

[8] Other jurisdictions similarly award interest under their workers' compensation statutes, despite a lack of explicit statutory authorization. *See, e.g.*, *Land & Marine Rental Co. v. Rawls*, 686 P.2d 1187, 1191-92 (Alaska 1984) (stating that although the workers' compensation act "does not expressly provide for interest[,] [i]n view of its purpose, the inference that such omission is equal to an exclusion cannot be made"); *Tisdale v. Industrial Comm'n of Ariz.*, 751 P.2d 527, 528-29 (Ariz. 1988) (stating that "there is no reason why the general interest

(continued . . .)

617 A.2d 509, 514 (D.C. 1992) (quoting *United States v. Freeman*, 44 U.S. 556, 564-65 (1845) ("if divers statutes relate to the same thing, they ought all to be taken into consideration in construing any one of them . . . .")).

Finally, appellant argues that "the equities" do not support an award of interest in the present case because terminating Ms. Mitchell's benefits was "reasonable" and was not done "irresponsibly." This argument misapprehends the interest award as a form of penalty for either bad faith or negligent termination. We do not consider the District's intent or level of care in deciding whether interest may be awarded under the statute. On the contrary, an interest award on accrued disability benefits, as with interest generally, merely recognizes the time-value of money, and in doing so affords the worker the full value of benefits due for her injuries under the statute. The District suggests that awarding interest would impermissibly provide benefits above and beyond the 66 2/3% of the worker's salary designated as a worker's "exclusive" remedy in the statute. *See*

---

(. . . continued)

statute in Arizona would not apply" to a claimant's workers' compensation benefits not timely paid); *Parker v. Brinson Constr. Co.*, 78 So. 2d 873, 876 (Fla. 1955) ("During the period [workers'] compensation is withheld, the carrier or employer should pay for the use of the money which it is using and has wrongfully withheld . . . [and] the beneficiary should be compensated for the same amount of money which at least theoretically, and most times actually, he is forced to hire to sustain himself.").

D.C. Code § 1-623.16 (c). However, we are persuaded that *without* an interest award on the unpaid benefits, Ms. Mitchell would effectively receive benefits in an amount less than provided for in the statute given her lost opportunity interest in the money during the period between termination of her benefits and the date she successfully appealed and the benefits were reinstated. *See Bragdon v. Twenty-Five Twelve Assocs.*, 856 A.2d 1165, 1171 (D.C. 2004) ("[W]here the plaintiff has lost the use of his money, a denial of pre-judgment interest would deny full compensation to the [plaintiff] . . . ."); *Nolen v. District of Columbia*, 726 A.2d 182, 185 (D.C. 1999) ("Where there has been such a deprivation, pre-judgment interest is an element of complete compensation for the loss of use of such money from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." (internal quotation marks and citation omitted)). Accordingly, awarding interest on accrued benefits is consistent with the purpose of the CMPA by fully and promptly compensating an injured worker during the period of her disability to the amount set by the statute. *See Darden v. District of Columbia Dep't of Emp't Servs.* 911 A.2d 410, 417 (D.C. 2006) ("[T]he purpose of the Workers' Compensation Act is to advance the humanitarian goal to provide compensation to employees for work-related disability reasonably expeditiously . . . .").

In sum, having recognized DOES's expertise in and responsibility for applying the CMPA, and having examined pertinent case law from this jurisdiction and elsewhere, we are satisfied that the CRB's ruling that DOES is authorized to award interest on accrued worker's compensation disability benefits is neither "plainly wrong" nor inconsistent with the purpose of the statute. *Howard Univ. Hosp.*, 952 A.2d at 173.

Accordingly, the CRB's order is

*Affirmed.*